The opinion of the court was delivered by
Breaux, J.
The defendant, fined for violating the ordinance relative to garbage, urges here that the ordinance is unreasonable and oppressive, and that it was not adopted with the view of preserving health and to maintain cleanliness.
The defendant says: That during about ten years he furnished milk to a boarding-house, at which house the proprietor collected for him the waste bread, meat and soup in a can, which he carried away in the evening, and left another in its stead; that he, at times, gave small quantities of milk; that these substances are clean and healthy, and are used by him as food for his dogs, and that they are not garbage.
Plaintiff introduced proof that they were not as represented by the defendant — mere scraps and refuse of the table — but garbage.
The defendant interposes a number of grounds of defence to be considered, we understand, if the facts are as contended by the plaintiff — that is, if the preponderance of evidence is that the substances are garbage.
With reference to the unreasonableness of the ordinance and the oppression charged, we deem it in place, preliminarily, to state that the Legislature delegated the authority to the municipality to adopt needful regulations for the protection of health and to maintain cleanliness.
It is true that the word “ garbage ” is not used in the charter, but the equivalent is therein expressed. The council is authorized to adopt ordinances for the frequent inspection of buildings and prem *1031 ises and to compel cleanliness. This necessarily includes the authority to have garbage moved away and destroyed that is annoying to health. The .general power regarding health and cleanliness having been given, we are of the opinion that the ordinance can not be impeached as invalid on the ground of unreasonableness.
There are a number of well considered decisions upon that point, and text writers upon the subject of municipal corpo ations have approvingly referred to them. District of Columbia vs. Waggaman, 11 American and English Corporation Cases, 417; City of Peoria, vs. Calhoun, 29 Ill. 317, 320; Coal Float vs. City of Jeffersonville, 112 Ind. Rep.; City of St. Paul vs. Colter, 12 Minn. 49; 68 Cal.; Dillon on Municipal Corporation.
If we were to concede that the authority was not as we have just stated, express, we would nevertheless not be hasty to conclude that the ordinance in a matter as important as health and cleanliness is not within the inherent powers of the .corporation.
For it does seem to us, without reference to express power in the charter, that a municipal corporation does not legislate unreasonably by adopting ordinances to protect the community against the offensive and unwholesome smell of decayiug vegetable and animal substances, and that such ordinances are consonant with the purpose of such corporation and consistent with the laws.
In an early case this court pertinently said, in pari materias: “Thé police of cities require many regulations which grow out of their situation, climate and their population. A much stronger reason than that now before us must be presented to induce the court to interfere.” Milne vs. Davidson, 5 Martin N. S. 410.
The ordinance is general in its character and in harmony with the laws of the State, and, therefore, can not of itself be oppressive.
We are not here concerned with its enforcement, as that is not before us. As to the ordinance, we repeat, it is not oppressive.
As to the grounds of the defendant that the ordinance creates a monopoly, that it divests vested rights, we think it sufficient answer to say:
On this appeal we can only decide that garbage whicn may cause discomfort, and which is injurious to health, can be removed and destroyed under an ordinance adopted under a legislative grant of power, and that this ordinance may be adopted without creating a monopoly, or divesting one of vested rights.
*1032 The scope of the defence must be restricted to the questions that the defendant is in a position to raise and have decided.
He is without right to raise objections to the section of the ordinance which prohibits the occupants of premises from mixing ashes or other substance with garbage, and the section following, requiring the occupants to collect the garbage and have it ready for removal. In other words, not being the keeper of the boarding house, none of those acts devolved upon him. He was concerned only with getting the contents of his can to feed his4dogs.
We do not desire to belittle his cause by recalling the use he made of the contents of his can.
It is his right to feed them with such substances as he stated in his testimony. His testimony is contradicted by plaintiff’s witnesses.
Without undertaking the useless task here of determining who is right, as a matter of fact, about these substances, we will state that if the weight and preponderance of the evidence is with the plaintiff (and if it is as the plaintiff urges), it was not fit food for dogs, unless the dogs of the defendant are like those that a recent explorer saw in Africa. They were the descendants, he said, of the dogs that devoured the body of Jezebel, wife of Ahab, and they were prowling in the space in modern eastern language called the “ Mounds,” near the modern village which occupies the site of Jezreel; they were wandering without the walls of the village for offal and carrion thrown to them to consume.
The questions resolved themselves in the following:
If they were garbage, the ordinance upon the issues presented is not illegal and unconstitutional.
If they were sound scraps and refuse the facts were not brought up before the court in the manner required.
Questions within the supervisory jurisdiction of this .court can not be considered under our appellate jurisdiction.
We can only pass on appeal upon questions of legality or constitutionality of the law.
If the recorder has decided that substances were garbage that are not garbage, that is a question of fact which does not affect the constitutionality or legality of the ordinance.
The amount involved being less than the minimum jurisdiction of the court, whatever remedy there is here is under the writ of certiorari.
*1033 The defendant complains of a failure to properly advertise the ordinance, another objection founded on law.
The ordinance contains provisions to award the contract to the highest bidder.
The contract and the proceedings prior to the award, are not attacked. We are not informed that there was failure to follow the terms of the ordinance in making the award to the highest bidder.
We do not perceive that there is reason to complain of an ordinance authorizing the removal of garbage by contract.
The city government has the power of deciding in what manner a nuisance shall be removed. In having the work done by a contractor, employed in the manner required by law, they have not exceeded the discretion with which they are vested in such matters.
Such contracts are frequent, and when fairly entered into, give no rise to legal objection. The issues here do not justify an inference that a privilege has been granted, unauthorized and reprobated by law.
The judgment of the Recorder’s Court is affirmed, at appellant’s costs.