## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

CITY OF RICHMOND V. CARUTHERS.

March 23, 1905.·

Absent, Cardwell, J.

1. DEAD ANIMALS—*Nuisance—Removal—Constitutional Law—Due Process.*—Dead animals are not *per se* nuisances, and cannot be made such by legislative declaration; and while a municipality has ample authority, in the exercise of its police power, to protect the public against nuisances *per se*, or anything that is likely to become an offensive or dangerous nuisance, it cannot, in the first instance, in the absence of such conditions, deprive the owner of his property in the carcass of a dead domestic animal without due process of law. A municipal ordinance, therefore, which, immediately upon the death of a domestic animal, and before it has become a nuisance or dangerous to public health, deprives the owner of his property therein and vests it in a public contractor, is the taking of private property without due process of law, and is void.

Error to a judgment of the Hustings Court of the ·city of Richmond, reversing a judgment of the Police Justice of said city, imposing a fine upon the defendant in error.

*Affirmed.*

The opinion states the case.

*H. R. Pollard,* for the plaintiff in error.

*Minetree Folkes* and *Roscoe C. Nelson,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

This case involves the construction of an ordinance of the city of Richmond, authorizing the president of the Board of Health, with the approval of the Committee on Health, to contract for the term of two years for the removal from the city of all dead horses, mules, cows and other cattle; and providing for the imposition of a fine of not less than five nor more than thirty dollars on any person, other than the contractor, who shall remove from the city any of the dead animals mentioned in the ordinance.

The defendant in error, Caruthers, having removed a dead horse, which was his property, in violation of the ordinance, was arraigned in the Police Court and subjected to a fine of $20. On appeal, the Hustings Court reversed the judgment, holding the ordinance to be in conflict with the Fourteenth Amendment of the Constitution of the United States, which forbids that any person shall be deprived of his property without due process of law. To the latter judgment a writ of error was awarded by one of the judges of this court.

The soundness of the conclusion reached by the learned judge of the Hustings Court, both from the standpoint of reason and authority, would seem obvious. The law is well settled that dead animals are not *per se* nuisances, and cannot be made such by legislative declaration. While, therefore, as shall be seen presently, a municipality is clothed with ample authority, in the exercise of its police power, to protect the public against nuisances *per se*, or anything that is likely to become an offensive and dangerous nuisance, it cannot, in the absence of such conditions, in the first instance, deprive the owner of his property in the carcass of a dead domestic animal without due process of law. The doctrine is sustained by text-writers and numerous decisions of the highest respectability, which practically speak with one voice on the subject.

The principle is thus stated by Freund in his late work on Police Power, at sec. 522 : "As long as property is not immediately dangerous or offensive, it cannot be treated as a nuisance *per se.* This principle is well illustrated by the law regarding the disposal of carcasses of dead animals. They are liable to become nuisances, and if not cared for may be treated as such; but the owner does not lose his property in it as soon as it dies. He must be given an opportunity to dispose of it, since he may realize something from its sale; and to give to offal contractors immediate and exclusive control of all dead animals, or even to require their deposit at a designated place, is taking property without due process of law."

So, Tiedman (Vol. 2, sec. 174), in his treatise on State and Federal Control, observes : "As long as the carcasses of animals are not a nuisance to the public because of their effect upon the public health, they are as much protected by constitutional guarantees as are the live animals." 2 Smith on Mun. Cor., sec. 1332; Tiedman's Lim. of Police Power, sec. 1400; 1 Dill. Mun. Corp. (4th Ed.), sec. 371, N. 1, p. 450.

In *Underwood* v. *Green,* 42 N. Y. 140, forty-two hogs had died from suffocation in a stock car in the city of New York; and were seized by the public contractor, by authority of an ordinance similar to the one under consideration. The carcasses were shown to be worth about six dollars apiece for grease. The court, in the course of its opinion, says : "A dead hog is not *per se* a nuisance, even though it died of suffocation, and is not necessarily dangerous to public health. The owner may still put it to useful and innocent purposes. While a dead animal is not *per se* a nuisance, it may become so, and the city, under her charter, may pass such ordinances as are necessary to prevent it from becoming a nuisance; but she must in such legislation pay proper regard to the rights of the owners of such property. The death of a domestic animal does not term-

inate the owner's property, and while he may be required to make such use or disposition of the carcass as will prevent a nuisance, stench, or other inconvenience to the neighborhood, the municipal authorities cannot deprive him of it by giving it to another."

See to the same effect *Yates* v. *Milwaukee*, 10 Wall. 505, 19 L. Ed. 384; *Rending Co.* v. *Behr*, 77 Mo. 91, 46 Am. Rep. 6; *Schoen* v. *City of Atlanta*, 97 Ga. 697, 25 S. E. 380, 33 L. R. A. 804; *Knauer* v. *City of Louisville*, 45 S. W. 510, 41 L. R. A. 219; *State* v. *Paysson*, 47 La. Ann. 1029, 17 South. 481, 49 Am. St. 390; *State* v. *Morris*, 47 La. Ann. 1602, 18 South. 710; *Meyer* v. *Jones* (Ky.), 49 S. W. 809.

The doctrine fairly deducible from the authorities is that an ordinance, which, immediately upon the death of a domestic animal, and before it becomes a nuisance or dangerous to public health, deprives the owner of the property therein and invests it in the public contractor, is a taking of private property without due process of law within the meaning of the Fourteenth Amendment of the Constitution of the United States, and, therefore, void.

While the court has felt constrained to affirm the judgment of the Hustings Court, as being plainly right, in view of the importance of the subject to urban communities throughout the State, it is unwilling to permit the case to leave its hand without declaring that the City Council, as a sanitary measure, in the interest of public health and safety, possesses ample power to enact and enforce such reasonable ordinances as may be necessary with respect to the speedy and orderly removal of dead animals to places of safety, by the owner primarily, or, upon his default, by such other agency as it may prescribe.

Judgment affirmed.

*Affirmed.*