THOMPSON, J.
 

 The plaintiffs aré appellants from a final judgment which dissolved
 
 *567
 
 a restraining order and refused a preliminary injunction after hearing on a rule nisi.
 

 The main purpose of the suit is to test the constitutionality and legality of a “no fence” ordinance adopted hy the police jury of Rapides parish after the matter had heen submitted to the qualified electors of the territory affected and a majority of those voting had favored such ordinance.
 

 An exception of no cause and no right of action was filed as also an answer to the merits and the whole ease was tried as on the merits, which resulted in a judgment as already mentioned.
 

 The ordinance prohibits, from and after January 1, 1928, the running at large within the territory designated, any horses, mules, cattle, sheep, goats, or hogs.
 

 It provides for the appointment of two impounding officers with authority to take up and impound any stock or animals found roving at large within the prescribed territory.
 

 It further provides that when animals are impounded the officers shall notify the owners by publication in the official journal and also by posting said notice in conspicuous places in the ward.
 

 After the publication of the notice, and no one appears to claim the animals, the impounding officers are authorized to sell said animals at public auction after due advertisement in the official journal.
 

 The proceeds of sale are to be first applied to the fees of the officers and expenses of sale, and the balance to be paid into the parish treasury.
 

 The ordinance also provides a penalty of fine or imprisonment or both at the discretion of the court against any one who may violate afiy of the provisions of the ordinance.
 

 It is conceded by the plaintiffs that the police jury is vested with authority to adopt a “no fence” .law, to prohibit animals from running at large, and to provide a penalty against persons who violate the same.
 

 The complaint is directed at the alleged double method provided for enforcing the ordinance.
 

 In other words, the complaint is directed against that provision of the ordinance which authorizes the impounding of the animals and their subsequent sale, whch, it is argued, is a taking of property without due process of law.
 

 The view we have taken of this case renders it unnecessary to consider the complaint leveled at the ordinance which was not in effect at the time this suit was filed.
 

 The plaintiffs clearly have no cause or interest to contest the constitutionality or legality of the ordinance, either upon the specific ground alleged or upon any other.
 

 They are merely citizens and taxpayers residing within the territory zoned against animals running at large. It is true, they own live stock, but they are observers of the ordinance.
 

 They have not violated its provisions— they have not subjected themselves to prosecution, nor has any of their live stock been impounded.
 

 On what ground, therefore, the plaintiffs can complain of the, illegality of an ordinance which has not been attempted to be enforced against them, we are unable to conceive.
 

 If the mere existence of the ordinance gives the plaintiffs the right to assail its validity, then where are we to draw the line tjefining the limit of a right or cause of action to attack a penal statute.
 

 There would be no limit, and every citizen, whether his property or his 'liberty was affected or not, would have the right to attack and have declared null and void as being unconstitutional and illegal any penal statute in advance of any attempt to enforce its provisions against him.
 

 But we have heretofore had occasion to consider an attack on a similar provision
 
 *569
 
 in an ordinance of the police jury of East Baton Rouge. State v. Orr, 152 La. 1032, 95 So. 211.
 

 In that case the defendant was convicted and sentenced for having permitted his cattle to run or he at large. One of his contentions was that the ordinance was violative of both the state and- Federal Constitutions in that it authorized private citizens to seize stock found roving in violation of the ordinance and has required the sale of such animals at public auction without any process, to defray the expenses of the seizure and keeping, etc.
 

 The contention was practically the same as is made here, and it was answered by the court as follows:
 

 “There is no contention that defendant’s stock has been seized, or that it has been seized and sold, nor does the record disclose anything of the kind.”
 

 “It merely discloses that the defendant has been proceeded against by bill of information, tried, convicted and sentenced to pay a small fine,” etc.
 

 “Therefore defendant is without interest to raise the questions here urged, as the provisions relative to seizure and sale and the costs thereof do not affect him in this case.”
 

 The plaintiffs in the instant ease have less cause or interest to complain than the defendant in the cited case, for there the defendant had been convicted and sentenced under other penal provisions of the ordinance.
 

 But here the plaintiffs have not been prosecuted and their animals have not been seized and it is perfectly apparent that they will not be prosecuted and their animals will not be seized and impounded so long as they observe the provisions of the ordinance which requires them to keep their animals up — an ordinance which they admit the police jury had authority to enact.
 

 For the reasons assigned, the judgment appealed from is affirmed.