was a valid exercise of the police power of the state.

The conviction and sentence are affirmed.

O'NIELL, C. J., dissents.

(123 So. 602)

No. 29832.

## TANNER et al. v. POLICE JURY OF AVOYELLES PARISH.

June 17, 1929. Rehearing Denied July 8, 1929.

W. E. Couvillon, of Marksville, for appellants.

Lester L. Bordelon and Joffrion & Bordelon, all of Marksville, for appellee.

THOMPSON, J. The police jury by resolution submitted to the landowners who were qualified voters residing within certain defined limits of ward 9 of Avoyelles parish the proposition of adopting a stock or no fence law for that part of the ward.

It was provided in the resolution that, if the election carried in favor of a no fence law, then such law would become effective on January 1, 1929, throughout that portion of the ward.

The election was held on December 18, 1928, and resulted in a majority vote favorable to the adoption of a no fence law.

A number of taxpayers, landowners, and owners of live stock who reside in ward 9, but outside of the territory in which there was to be no fence, petitioned the court to enjoin the police jury from putting the no fence ordinance into effect.

An exception of no cause of action and an exception that plaintiffs have no interest in fact or in law to appear in the cause were filed, but do not appear to have been disposed of. The answer was filed, and a trial had resulting in the refusal of an injunction and the dismissal of the suit.

The exceptions should have been sustained.

The purpose of submitting the resolution was to ascertain the sentiment of the landowners and voters directly interested on the question as to whether they were in favor of such a law. The resolution was in no sense self-operative, and was never intended to be self-operative. It did not itself declare that there should be a no fence law, but that, if the vote was favorable to the proposition, there would be a no fence law to become thereafter effective. There were no provisions made for impounding cattle roaming at large in violation of the resolution. Nor were there any penalties provided against owners who permit their cattle to run at large on the territory included in the resolution.

The resolution, therefore, without future action of the police jury, was of no effect.

The plaintiffs do not reside in the affected territory, they have not had any of their cattle impounded, nor has any penalty sought

to be imposed against them—for the very good reason that no ordinance has been passed providing for a no fence law and no penalty for its violation, if there were such an ordinance.

The plaintiffs herein have less cause for complaint than did the plaintiffs in the suit against the Police Jury of Rapides Parish, Parker v. Police Jury of Rapides Parish, 167 La. 566, 119 So. 875, who were held without cause or interest to contest the constitutionality or legality of an ordinance actually existing with penalties for its enforcement.

What was there said is appropriate here.

It will be time enough for the plaintiffs in this suit to complain when the police jury adopts a no fence ordinance and the penalties thereof are sought to be enforced against them.

The judgment appealed from is affirmed.