LOTTINGER, Judge.
This is a suit for damages caused to growing crops as a result of trespassing and foraging by defendant’s cattle. The plaintiff alleges that he is the owner of certain property in the Parish of West Feli-ciana, and that the defendant owns a tract of land adjoining his property on the south. He alleges further that both properties are zoned under a Parish Stock Ordinance requiring that cattle be kept under fence at all times, and that despite this fact, on or about the first day of September, 1948, the defendant permitted a number of his cattle» to enter upon plaintiff’s property and destroy certain crops thereon. He estimated these damages to be the sum of *147 $500.00 to a growing potato crop, $100.00 to potatoes which had been dug and crated, and $100.00 to a growing corn and bean crop, making a total of $700.00. The ¡plaintiff alleges further that the trespassing of these cattle was due to the fault and negligence of the defendant in that he permitted certain water gaps situated between the properties to remain opened despite the fact that he had called attention to the condition of these gaps and demanded of him that steps be taken to prevent these trespasses upon his land by defendant’s cattle.
The defendant admitted in his answer that he and petitioner were adjoining property owners, but denied the remaining allegations of plaintiff’s petition. The defendant then pleaded that the Parish Ordinance referred to was unconstitutional,' and further that he and the plaintiff had an agreement whereby each was responsible for the maintenance and upkeep of certain portions of the fence between their properties. He alleges further that this agreement was in effect at the time of the damage complained of, and that the water gaps through which the cattle had allegedly passed were in that portion of the fence which the plaintiff had agreed to maintain. In the alternative the defendant pleaded contributory negligence on the part, of the plaintiff, alleging that the latter was aware of the open gaps prior to the time of the damage and that he had made no attempt to repair same. The lower court rendered judgment in favor of the plaintiff in the sum of $390.00, from which judgment the defendant has taken this appeal.
The evidence shows, and it is admitted by counsel for both sides, that the defendant’s cattle did go upon the plaintiff’s property and damage his crops. It is further admitted, and the testimony shows, that there had been some agreement between the parties relative to the upkeep of the community fence. It is impossible to tell definitely with any degree of certainty, however, from the evidence in the record just what portion of the fence each party had obligated himself to maintain and further it is difficult to tell at just what point along the fence the defendant’s cattle made their entry. In this connection the plaintiff maintains that he was to keep up two-thirds of the fence, the water gaps being on the one-third which defendant was to maintain. The defendant, on the other -hand, contends that each was to maintain one-half of the fence and that each was to share in the upkeep of the water gaps. In his written reasons for judgment the trial judge held that neither the agreement nor the place of entry was of any importance, and decided the case on the basis of the Parish Stock Law, holding that under its provisions, the plaintiff was protected from damage by the defendant’s cattle. In so holding he necessarily passed upon the constitutionality of the ordinance, and relying upon the case of State v. Orr, 152 La. 1031, 95 So. 211, held that the ordinance was valid. The ordinance in question being Ordinance No. 90 of the Parish of West Feliciana, so far as pertinent here, reads as follows:
“Section 1. Be it ordained by the Police Jury of the Parish of West Feliciana, State of Louisiana, in regular session convened that it shall be unlawful for any horses, mules, cattle, jacks, jennets, sheep, hogs or goats to run, roam or be at large, or on any of the public highways, commons or lands, either public or private, within the limits of the following territory of the Parish of West Feliciana, -to-wit: ZONE ONE, comprised of ward one (excepting the limits of the Town of St. Francisville) Wards two, three, four and nine.
“Section 2. Be it further ordained, etc., That the owner of any horses, mules, jacks or jennets, cattle, hogs, sheep or goats who shall suffer or permit any of such animals to run, roam or be at large as prohibited in section one above shall be guilty of a misdemeanor and shall, upon conviction thereof in any court of competent jurisdiction be fined in a sum not exceeding Twenty Dollars or imprisoned in a parish jail for a term not to exceed ten days, or both fine and imprisonment in the discretion of the court, for each animal thus at large; provided that the court shall have the right when imposing a fine *148 as above to impose an alternative jail sentence in case of the failures of the person convicted to pay the fine imposed.
“Section 3, Be it further ordained, etc., That for the purposes of this ordinance, each animal that shall run, roam or be at large in violation of the provisions of this ordinance, shall constitute a separate offense on the part of the owner.
“Section 4. Be it further ordained, etc., That any of the above described animals that may run, roam, or be at large in violation of the provisions of this ordinance may be taken or confined by any property owner or his agent or any resident of the Zone designated in this ordinance,, if at. the time of such taking or confinement the said animal or animals are at large or roaming on the property, lands or premises of the person who has taken or confined such animal, or are on property, lands or premises under such person’s charge as agent or employee.”
 The defendant attacks this stock law upon the ground that the animals mentioned are prohibited from roaming or being at large on any lands, either public or private, and because of the fact that no exception is made as to animals being at large on the lands of the owner of such animals, the law is necessarily unconstitutional. It will be noted, ■ however, that in Section 4 of the act, provision is made for the taking up and confining of the animals by any property owner upon whose lands the animals are found. To this court this provision, as well as the other provisions here-inabove quoted, show an intention on the part of the police jury that the act only apply to animals on public lands or highways, or private lands owned by another. Also we are of the opinion that the term “run, roam or be at large” refers to animal's who have escaped or otherwise been permitted to leave the land of their owner. See 4 Words and Phrases p. 673 and 674. We conclude therefore that the ordinance does not apply to animals upon the lands of their owner, and consequently that same is constitutional.
The defendant next argues that even if the ordinance be held valid that same is of no’import in this case in that the parties by their agreement had renounced the effect of the law as between themselves. As stated before, the testimony relative to the agreement is most conflicting and indefinite, and consequently a review of- same would serve no useful purpose. Nevertheless, it appears that the properties of plaintiff and defendant are adjacent and contiguous to each other with the property of Mr. Gilmore on the north 'and that of Mr. Harvey on the south with a division fence running in’an easterly and westerly direction between them. It appears further that some years ago that both properties were pastured and that both parties had cattle running on their respective places. Some three years prior to the trial of the case, the plaintiff put his land in cultivation and the defendant’s place continued to be used for the pasturing of cattle. The plaintiff contends that beginning with his cultivation, he called on the defendant from time to time for protection against the defendant’s cattle with particular reference to the maintenance of certain water gaps. We are inclined to ■believe that there might have been an abrogation of this so called agreement when -the plaintiff started cultivating his property. Be that as it. may, we do feel from a careful examination of same however that defendant has failed to prove with any degree of certainty that the agreement was still in force or’what portion of the fence each of the parties was to keep up, and having failed in such proof he is not entitled to rely upon the agreement as having renounced or modified the effect of the stock law. It must be remembered that at the time the alleged agreement was entered into, which was some ten or twelve years ago, both parties were engaged in raising cattle. The evidence is conclusive that for the three years previous to the filing of this suit, however, that the plaintiff has ceased raising cattle and was engaged exclusively in the raising of crops.
The defendant’s plea of contributory negligence, being an affirmative defense also, necessarily rests upon his showing the terms of the hereinabove referred to agreement which we do not feel that he *149 has done for the reason that the record is far from clear as to what portion ‘of the fence each was to maintain. Nor do we feel that with the stock law in effect and governing the rights of the party that there could be contributory negligence on the part of the plaintiff for failing to keep the cattle from his premises The trial court relied upon the case of Ingargiola v. Schnell, La.App., 11 So.2d 281, 283, wherein it was held: “In Louisiana there is no general statute prohibiting owners from permitting their cattle to roam at large, and counsel agree that it is well settled that where there is no such general law but a local ordinance seeks to accomplish the •same effect, an owner of cattle is responsible for damage caused to growing crops, •etc. See Williams v. Windham, 3 La.App. 127. And counsel also agree that in spite •of this, and even if there is such a local •ordinance, where there is some other ordinance such as there is here, requiring the owner to himself fence his property, or any part of it, then failure'to comply constitutes contributory negligence on his part and prevents recovery for loss caused by or contributed to by his own failure. Counsel for pláintiff concedes that plaintiff has not •erected and maintained along the public road the fence which is required by the ordinance of 1881, and he concedes too that there could be no recovery if the cattle which caused the damage had entered plaintiff’s property from the public road. But lie maintains that the record shows that the cattle entered plaintiff’s property not from the front, which plaintiff should have fenced, but by merely walking across the division line which defendant should have protected. And we agree with counsel for plaintiff, that if the cattle did not enter the property from the public road but did so by merely meandering beyond the rear •end of the side fence, which did not extend to the rear end of the property, the fact that the owner of the cabbages had not erected a front fence had no causal connection with the loss and that his failure in this regard should not deprive him of his right to recover.” •
The record shows that the defendant admits that the cattle did enter upon plaintiff’s premises and under the circumstances there remains only the question of damage done the crops. The lower court fixed the damages at $390.00. The defendant does not question the amount and the plaintiff has not answered the appeal nor asked for an increase. Therefore, under the circumstances, we feel that the award made by the lower court does substantial justice between the parties.
Finding no manifest error on the part of the lower court and for the above and foregoing reasons, the judgment appealed from is therefore affirmed.
Judgment affirmed.