## No. 9005.

### The State ex rel. E. L. Carrière vs. City of New Orleans.

Relator, a creditor of the city of New Orleans by judgment rendered upon a contract of warranty in a sale of property, entered into in 1837, when the city's power of taxation was unlimited as to rate, is entitled to the remedy of mandamus to compel the levy of a tax for the satisfaction of his debt.

The power of taxation existing at the date of the contract was read into the contract, and so far as necessary for the satisfaction of the obligation thereof, continues to exist as fully as if no subsequent limitations on the taxing power had been passed.

The duty of the city is clear and creditor has the right to exact its performance.

APPEAL from the Civil District Court for the Parish of Orleans. *Rightor*, J.

*Alfred Grima* for the Relator and Appellee.

*C. F. Buck*, City Attorney, and *Wynne Rogers*, for Defendant and Appellant.

The opinion of the Court was delivered by

FENNER, J. Relator is subrogated owner of the judgment which was considered by us in the case of Rousseau vs. City, 35 Ann. 557.

In that case the judgment creditor had issued his writ of *fi. fa.* and had seized thereunder property belonging to the city, when the latter enjoined the proceeding on the ground, amongst others, that execution, in the manner attempted by means of the writ of *fi. fa.* was prohibited by Act No. 5 of 1870.

Prior to that act, creditors of the city had two remedies, viz: the writ of *fi. fa.*, and, in proper cases, *mandamus*, to compel the levy of taxes, within lawful authority, for their satisfaction.

The act assumed to destroy both remedies, but the Supreme Court of the United States, as well as this Court, had held that the portion of the act which took away the remedy by mandamus was unconstitutional, in so far as it affected contracts entered into prior to its passage. 102 U. S. 203; 103 U. S. 358; 34 Ann. 1149.

The plaintiff's judgment was rendered on a contract entered into prior to 1870, and inasmuch as it had thus been held that his remedy by mandamus remained intact, the question arose whether that part of the act prohibiting writs of *fi. fa.* against the city must also be held unconstitutional.

We said: "The usual and ordinary source to which creditors of a municipal corporation look for satisfaction of their debts is the power of taxation. The potent and substantial remedy for the enforcement of municipal obligations is to be found in the compulsory exercise of that power within its lawful limitations. So long as this principal and substantial remedy is left to the creditor, the question is whether the prohibition of the writ of *fi. fa.* destroys, or, to such extent abrades his remedy, as to impair the obligation of his contract." Upon the principles and authorities cited in the decision we held that it did not, and maintained the city's injunction.

Acting upon this hint the relator, in the instant case, resorted to the remedy of mandamus to compel the city authorities, at their next annual tax levy, to levy a tax sufficient to satisfy his claim and to set apart and appropriate the same to said purpose. From a judgment making the mandamus peremptory the city appeals.

In 1837, the city of New Orleans sold immovable property, the price of which has been paid. In the act of sale the city entered into the usual contract of warranty against eviction. Subsequently, the title warranted by the city was annulled by competent judicial authority and the vendee was evicted.

Suit was brought on the contract of warranty and the final judgment, here involved, was recovered.

The judgment has been duly registered as required by Act 5 of 1870, and it is affirmatively shown that subsequent budgets made no appropriation for its payment and that there exists no prospect of speedy satisfaction under that process.

At the date of relator's contract, it is admitted that the city's power of taxation was unlimited as to rate.

As we have heretofore said, all the authorities agree that this power was read into the contract and could not be revoked to the prejudice thereof. State *ex rel.* DeLeon vs. City, 34 Ann. 483.

*Quoad* this contract, the power exists as fully as if no subsequent limitations of the taxing power had been passed. *Id.*

Thus recognizing the continued existence of the power, we consider that the right of the creditor to exact its exercise by the writ of mandamus was fully settled in our former decision.

The only authority quoted by the city attorney is that of United States vs. Macon, 99 U. S. 582, which is strangely inapplicable. There, the statute authorizing the contract limited the special tax for its satisfaction to one-twentieth of one per cent, and a general statute in force at the date of the contract limited the general power of taxation to one-half of one per cent, *both* of which powers had been exhausted, and the court naturally recognized its want of right to enforce additional taxation, saying:. "We have no power, by mandamus, to compel a municipal corporation to levy a tax which the law does not authorize. We cannot create new rights or confer new powers; all we can do is to bring existing powers into operation."

Certainly this is sound law, and we should be the last to step one inch beyond it. All we are asked to do is to "bring into operation" the power of taxation existing at the date of the contract, and which, under the Constitution of the United States, as consistently interpreted by its highest judicial expounder, continues to exist as far as necessary for the enforcement of the obligations of that contract.

There is no question here of a *special* tax. We simply compel the performance of the city's clear duty to exercise the power of taxation conferred upon it by the Legislature, and not exhausted, for the satisfaction of its valid obligations.

Let it be well understood that this case stands upon its own bottom. It is the case of a valid contract, the legislative authority for which is not questioned, having no connection with budget revenues and expenditures, entered into long prior to Act No. 5 of 1870, at a time when

44

the city's power of taxation was not limited as to rate.    The last feature removes it from any application of the decision in State *ex rel.* Griffin vs. Shreveport, 33 Ann. 1179.

We are particular in thus emphasizing the character of this case, because other cases are under submission involving questions touching the rights of creditors not here involved, as to which we wish it understood we express no opinion.

Judgment affirmed.