No. 9330.

## THE STATE EX REL. JOHN THORN VS. THE CITY OF NEW ORLEANS.

The power of taxation of a municipal corporation and its extent at the date of a contract are incorporated in and become a part of the contract, and continue to exist for its enforcement regardless of, and in opposition to, any subsequent restriction or limitation of that power.

Under the Act of 1870 it is the duty of the municipal authorities of New Orleans to provide for the payment of registered judgments in the only mode in which her judgment creditors are permitted to enforce their judgments, and this duty is not discretionary but imperative. If the city fails or refuses to perform it she will be compelled to do it under a mandamus.

APPEAL from the Civil District Court for the Parish of Orleans. Tissot, J.

W. S. Benedict for the Relator and Appellee.

*Walter H. Rogers*, City Attorney, and *Wynne Rogers*, Assistant City Attorney, for Defendant and Appellant.

The opinion of the Court was delivered by

MANNING, J.   A judgment was rendered in this court in favour of W. J. Behan against the City of New Orleans for seventy thousand five hundred and fifty dollars and fifty-six cents with interest.   Behan v. New Orleans, Manning's Unrep. Cas. 215.   The relator Thorn as subrogee and owner of that judgment now seeks by mandamus to compel the City to provide for its payment.   A statement of facts was agreed on setting forth as follows;—

*First.*—That the Relator is plaintiff in the judgment declared upon for the amount therein stated, which was duly affirmed by final decree of the Supreme Court of this State:

*Second.*—That the said judgment was based upon a contract with the city of New Orleans, dated the 26th day of June, 1867, by act before W. J. Castell, notary, and for the balance due upon said contract, the judgment was so rendered against said city:

*Third.*—That the said judgment was duly registered as required by act No. 5, of 1870, extra session, on the 5th day of June, 1878:

*Fourth.*—That the said judgment has not been paid in whole or in part, and that no provision has been made to pay the same:

*Fifth.*—That under the annual appropriations as made by the city of New Orleans, in its annual budgets for the purpose of complying with act No. 5, of 1870, extra session, a period exceeding twenty years must necessarily elapse before said judgment can be paid thereunder:

*Sixth.*—That the appropriation made by the city of New Orleans:—

For the year 1878, amounts to the sum of......................$20,000
For the year 1879, amounts to the sum of.....................  10,000
For the year 1880, amounts to the sum of.....................  20,000
For the year 1881, amounts to the sum of.....................  20,000
For the year 1882, amounts to the sum of.....................  10,000
For the year 1883, amounts to the sum of.....................   5,000

*Seventh.*—That from and after the fifth day of June, 1878, there have been recorded in the office of the Comptroller of the city of New Orleans, judgments amounting to the sum of two million, three hundred and twenty-five thousand, nine hundred and seventy-nine and eleven one hundredth dollars, still unpaid, exclusive of interest and costs, and the judgments due and unpaid prior to said date, amounting to the sum of one hundred and thirteen thousand, eight hundred and fifty-three and four one hundredth dollars, exclusive of interests and costs.

34

State ex rel. Thorn vs. City of New Orleans.

The case was decided below in favour of the relator on the authority of Rousseau v. City, 35 Ann. 557, and since then we have decided the case of State *ex rel.* Marchand v. City not yet reported wherein the issues presented were identical with those now before us.

The contract now sought to be enforced was made in 1867. The judgment upon it was registered in June, 1878 as required by the Act of 1870. No portion of it has been paid nor has any provision for its payment been made, nor will there be any payment under the ordinary administration in twenty years, and the city refuses to provide for its payment in the mode pointed out by the Act of 1870 or in any other manner save by the ordinary taxation which is confessedly inadequate.

We held in the Marchand case that jurisprudence had settled that the power of taxation existing at the date of the contract was incorporated in it and continues to exist for its enforcement regardless of any subsequent restriction or limitation of that power, and that under the Act of 1870 it is the duty of the city authorities to provide for the payment of registered judgments in the only mode in which her judgment-creditors are permitted to collect them, and that this duty is not discretionary but imperative. The reasoning from which these principles were evolved was elaborately set out in that opinion, and the antecedent decisions that had severally established each principle were grouped so as to form a consistent and harmonious system.

The extent of the power of taxation at the time of the Marchand contract (1872) was twelve and a half mills, and we therefore decreed that taxation to that extent must be imposed if it was needed to pay his judgment but need not be if the judgment could be paid with less. The extent of the power of taxation at the time of the relator's contract (1867) was fifteen mills, Sess. Acts 1856, p. 68, and we shall therefore restrict the taxation to that limit. The lower court did not restrict it at all and in that respect is error.

It is therefore ordered and decreed that the judgment of the lower court is amended by limiting the taxation ordered to fifteen mills on every hundred dollars of assessed valuation, and as thus amended it is affirmed, the relator paying the costs of appeal.

POCHÉ J. Yielding to the force of the rule *stare decisis*, I concur in this decision.