(109 So. 339)

No. 27532.

**GIBSON et al. v. CITY OF BATON ROUGE.**

(June 28, 1926.)

*(Syllabus by Editorial Staff.)*

**1. Municipal corporations ⚖➡63(1).**

City's selection of site for location of public necessity or public work is legislative function, requiring discretion that cannot be controlled by courts.

**2. Municipal corporations ⚖➡63(1).**

It is judicial function to determine whether public work or utility is operated by city according to law after site has been chosen.

**3. Municipal corporations ⚖➡736.**

Municipalities cannot maintain public nuisance.

**4. Nuisance ⚖➡18.**

Courts will not hesitate to suppress nuisance conducted by private individual, either completely or until conditions are improved.

**5. Municipal corporations ⚖➡607.**

City government has power of deciding how garbage shall be disposed of.

**6. Municipal corporations ⚖➡736.**

City will not be enjoined from disposing of garbage by only means and in only way available, though individuals are damaged.

Appeal from Nineteenth Judicial District Court, Parish of East Baton Rouge; W. Carruth Jones, Judge.

Suit by Fred C. Gibson and others against the City of Baton Rouge. Judgment for defendant, and plaintiffs appeal. Affirmed.

Cross & Moyse, of Baton Rouge, for appellants.

H. Payne Breazeale and C. C. Bird, Jr., both of Baton Rouge, for appellee.

ST. PAUL, J. The system of garbage removal and disposal prevailing in the city of Baton Rouge is not in keeping with its advancement in other civic lines. We will not go into details.

**I.**

Plaintiffs, who reside in the suburbs, complain that the system of garbage disposal is offensive to their senses of sight, smell, and hearing; that it interferes with their comfort and jeopardizes their health. Their complaint is, perhaps, somewhat exaggerated; but is still not wholly unfounded. They pray that the city be forbidden to continue its present method of garbage disposal, and (in effect) that it be directed to remove its garbage disposal plant beyond the city limits (the farther the better—but it is not suggested *whereto*).

**II.**

[1] We think that selecting the site on which a public necessity, or public work of any sort, should be located, is essentially a legislative and not a judicial function. The very nature of the determination to be arrived at marks it as such; for it requires the exercise of much discretion, of a nature which a court would not be competent to exercise; involving an inquiry into, and consideration of, all the surrounding circumstances and the necessity perhaps of making the final selection wholly on its own initiative and regardless of the suggestions of those appearing before it. It is manifest also that such discretion can no more be controlled by the courts than exercised in the first instance.

**III.**

[2, 3] But the site once chosen, and the public work or utility once in operation, it then becomes essentially a judicial function to determine whether the public work or utility be operated *according to law*. And that means necessarily that it shall not be so operated as to become a public nuisance. For municipalities are no more privileged to maintain a public nuisance than are private individuals. 28 Cyc. 1293. In Blanc v. Murray, 36 La. Ann. 162, 164, this court said:

"The doctrine sometimes stated in elementary works, and which has been held by some courts,

that whatever is authorized by a Legislature cannot be a nuisance of any kind, *is exploded*."

For the presumption is that every such authority granted by a Legislature is accompanied with an implied qualification that it shall not be used in disregard of private rights or so as to interfere unreasonably with the peace and comfort of others. Baltimore & Potomac R. R. Co. v. Fifth Baptist Church, 137 U. S. 568, 11 S. Ct. 185, 34 L. Ed. 784.

### IV.

[4] But the difficulty in a case of this sort lies not so much in recognizing the wrong as in applying an appropriate remedy. Ordinarily, as when dealing with a nuisance conducted by a private individual, the complete suppression thereof, or its suppression until conditions be so improved as no longer to constitute a nuisance, *involves only a matter of private loss to the individual at fault;* and hence the courts will not hesitate to issue their mandate suppressing temporarily, or even permanently, the nuisance complained of. See Blanc v. Murray, supra, pp. 166, 168. On the other hand, when the nuisance complained of is maintained in connection with some *public necessity*, such as supplying water, carrying off drainage water and sewage, removing garbage, etc., it is essential that the remedy applied should not prove worse than the evil to be redressed.

### V.

Hence the authorities are conflicting as to what is the proper course for a court to pursue under such circumstances. See, for instance, the *five* cases in 48 L. R. A. pp. 691 to 731; being Platt v. Waterbury, 72 Conn. 531, 45 A. 154, 48 L. R. A. 691, 77 Am. St. Rep. 335; Valparaiso v. Hagen, 153 Ind. 337, 54 N. E. 1062, 48 L. R. A. 707, 74 Am. St. Rep. 305; Smith v. Sedalia, 152 Mo. 283, 53 S. W. 907, 48 L. R. A. 711; Grey v. Paterson, 60 N. J. Eq. 385, 45 A. 995, 48 L. R. A. 717, 83 Am.

St. Rep. 642; Sayre v. Newark, 60 N. J. Eq. 361, 45 A. 985, 48 L. R. A. 723, 83 Am. St. Rep. 629. And, as will be seen from the *note* to the five cases (48 L. R. A. 691–708) and the exhaustive briefs therein filed, there is ample authority for any view one may wish to take of the matter.

### VI.

[5, 6] In State v. Payssan, 47 La. Ann. 1029, 17 So. 481, 49 Am. St. Rep. 390, this court said:

"The city government has the power of deciding in what manner a nuisance [garbage] shall be removed [and disposed of]."

That is plain common sense; and, with that as our starting point, we prefer to adopt the Indiana rule as laid down in Valparaiso v. Hagen, supra, to wit, that—

"Surely it is not the law that a salutary statute, essential to the health and welfare of the public, may be thus nullified by exhibiting a damage to private right. The sewage [garbage] must be dispatched [disposed of] *or the city abandoned.* * * * The principle of the greatest good to the greatest number must be permitted to operate, and private interest [must] yield to the public good."

See, also, Grey v. Paterson (N. J.) supra.

### VII.

Hence our conclusion is that an injunction ought not to issue restraining the defendant from disposing of its garbage by the only means and in the only way which now seems available. But at the same time we do not decide, and it is not now necessary for us to decide, that plaintiffs are without a remedy for such damages as they may suffer after due demand upon the city for the suppression of the noxious sights, smells, and noises, surrounding the garbage disposal plant herein complained of, and after reasonable time given in which to suppress them. Cf. Grey v. Paterson, supra.

The judgment below was for defendants; and it seems to us correct.

Decree.

The judgment appealed from is therefore affirmed.