PONDER, Justice.
The plaintiff, Vincent Dantoni, a property owner and taxpayer, brought suit against the Board of Levee Commissioners of the Orleans Levee District seeking to enjoin the defendant board from levying or attempting to levy any tax in excess of 3% mills for the years beginning 1955 through 1959 and from levying or attempting to levy a tax in excess of 2 mills thereafter and to annul a resolution, adopted by the defendant board, to levy a fax of 5% mills on all taxable property in the Parish of Orleans for 1955. Defendant answered admitting that the resolution was adopted and averred that under the provisions of the Constitution, and the legislation enacted thereunder, that it was authorized to levy the 5% mill tax, Yz mill for the payment of reparation claims arising out of the break of the levee at Caernarvon, and 5 mills for the carrying out of its duty to construct, maintain, and repair levees and to retire its *580 bonded indebtedness. Louis J. Roussel, owner of various bonds issued by the board, intervened and alleged that the defendant board had $8,280,000 worth of outstanding bonds; that under the constitutional provisions in effect at the time the bonds were issued the defendant board was authorized to levy a tax of 5 mills on the dollar for the purpose of constructing and maintaining levees, levee drainage and for all other purposes incidental thereto and to retire the bonds issued for that purpose; and that the constitutional amendment adopted pursuant to Act 756 of 1954 is unconstitutional because it impairs the contract of the bondholders. A petition of intervention was filed by several citizens and taxpayers who joined with the plaintiff and prayed for an injunction against the defendant board. After a hearing of the case, the lower court gave judgment annulling the resolution of the defendant board and enjoined the board from levying or attempting to levy any tax in excess of 3% mills for the years 1955 through 1959 and from levying or attempting to levy any tax in excess of 2 mills thereafter. The defendant board and the intervenor Roussel have appealed.
This litigation raises two questions. The first question posed is whether or not Act 756 of 1954, adopted 'as a constitutional amendment to Section 2 of Article 16 of the LSA-Constitution of 1921, impairs the obligation of the contract with the bondholders. The plaintiff and intervening taxpayers contend that the taxing power' of the Levee Board is limited to 3% mills by the amendment. All parties concede that the Levee Board had authority to levy % mill of the tax for the payment of the reparation claims arising out of the break of the levee at Caernarvon. The intervening bondholder contends the amendment to the Constitution impairs the obligation of the contract with the bondholders. The Levee Board contends that the constitutional amendment merely restricts their taxing power as to levee work and does not restrict it insofar as the -bondholders are concerned.
It appears from the evidence that there are $501,000 worth of boñds outstanding and unpaid issued in the year 1909. These bonds were issued prior to the adoption of the Constitution of 1921 and it is contended that under a prior act they were secured by only 1 mill tax. If is not necessary to determine this question for the purpose of the decision in this case because there are outstanding bonds in the amount of $7,214,-000 issued under the provisions of Section 2 of Article 16 of the Constitution of 1921, prior to the 1954 amendment.
Under the provisions of Section 2 of Article 16 of the Constitution of 1921, prior to the adoption of the amendment of 1954, the Levee Board was authorized to levy annually a tax not to exceed 5 mills for the purpose of construction and maintaining levees, levee drainage and for all other purposes incidental thereto. The bonds *582 were issued, prior to this amendment, for that purpose and they show on their face that the full faith and credit of the Levee Board was pledged for their payment. And in addition it is stated on the bonds that they were issued in pursuance to Acts 28 of the 3rd Extra Session of 1934 and 29 of the 2nd Extra Session of 1935 (see LSA-R.S. 38:290) and “in conformity with all the provisions of the laws and Constitution of the State of Louisiana applicable thereto.” It is declared in both of these acts that these bonds have the qualities of negotiable paper under the law merchant. Sections 7 and 6 respectively. In Act 28 of the 3rd Extra Session of 1934 Section 2, it is provided. that the bonds are secured in the same manner that the existing bonds, etc., are secured and in addition thereto they are further secured by the levying and collecting of any tax that the “Board is now authorized by law to levy.” The bonds issued under Act 29 of the 2nd Extra Session of 1935 are not only secured by the taxing power of the Board but it is provided in Section 4 therein that if this taxing power is not sufficient to pay them that it shall be the duty of the State Treasurer to provide sufficient funds of the State, not otherwise appropriated, and that it is the duty of the Legislature to provide sufficient funds for that purpose.
Under the provisions of Section 10 of Article 1 of the Federal Constitution, no state can pass any law impairing the obligation of contracts. Under the provisions of Section 15 of Article 4 of our Constitution, no law can be passed impair-, ing the obligation of contracts. It is a fundamental principle that laws existing at the time a contract is entered into are incorporated into and form a part of the contract as though expressly written therein. It is also well established that the value of a contract cannot be diminished by subsequent legislation. The impairment is not one of degree but any encroachment in any respect upon the obligation cannot be permitted. The value of the contract cannot be diminished by curtailing the- taxing power of the board as long as these bonds are outstanding and unpaid. We are supported in these views by the following cases: State ex rel. Moore v. City of New Orleans, 32 La.Ann. 726; State ex rel. De Leon v. City of New Orleans, 34 La.Ann. 477; State ex. rel. Carriere v. City of New Orleans, 36 La.Ann. 687; State ex rel. Marchand v. City of New Orleans, 37 La. Ann. 13; State ex rel. Thorn v. City of New Orleans, 37 La.Ann. 528; Von Hoffman v. City of Quincy, 4 Wall. 535, 18 L.Ed. 403; Wolff v. City of New Orleans, 103 U.S. 358, 26 L.Ed. 395; State of Louisiana ex rel. Southern Bank v. Pilsbury, 105 U.S. 278, 26 L.Ed. 1090; State of Louisiana ex rel. Nelson v. Police Jury of Parish of St. Martin, 111 U.S. 716, 720, 4 S.Ct. 648, 28 L.Ed. 574; State of Louisiana ex rel. Hubert v. Mayor and Council of City of New Orleans, 215 U.S. 170, 30 S.Ct. 40, 54 L.Ed. 144; Hicks v. City of Cleveland, 4 Cir., 106 F. 459; *584 Rorick v. Board of Commissioners of Everglades Drainage District, D.C., 57 F.2d 1048; Bank of Minden v. Clement, 256 U.S. 126, 41 S.Ct. 408, 65 L.Ed. 857; Farrington v. Tennessee, 95 U.S. 679, 24 L.Ed. 558; Perry v. Town of Samson, D.C., 11 F.2d 655, affirmed, 5 Cir., 17 F.2d 1; City of Ft. Madison v. Ft. Madison Water Co., 8 Cir., 134 F. 214; Mobile v. Watson, 116 U.S. 289, 6 S.Ct. 398, 29 L.Ed. 620.
The constitutional amendment adopted pursuant to Act 756 of 1954, amending Section 2 of Article' 16 of the Constitution of 1921 does not limit the taxing power of the Levee Board for all purposes to 3V2 mills. The amendment from its clear and unambiguous language cannot be so construed. The amendment reads as follows :
“Section 2. For the purpose of constructing and maintaining levees, levee drainage, and for all other purposes incidental thereto, the governing authority of each district, with the exception of the Board of Levee Commissioners of the Orleans Levee District, may levy annually a tax not to exceed five (5) mills on the dollar on all taxable property situated within the alluvial portions of said district subject to overflow. The Board of Levee Commissioners of the Orleans Levee District, or their successors in office, for the purpose of constructing and maintaining levees, levee drainage, and for all other' purposes incidental thereto, may levy annually for the years 1955, 1956, 1957, 1958 and 1959 a tax not to exceed three and one-half (3%) mills, and annually thereafter a tax not to exceed two (2) mills, on the dollar on all taxable property situated within the alluvial portions of said district subject to overflow. Should the necessity arise in any levee district to raise additional funds for such purposes, the said tax may be increased when the rate of such increase and the necessity therefor shall have been submitted to and voted for at an election called for that purpose by a majority in number and value of the property taxpayers of said district qualified to vote and voting at such election. Provided that this amendment shall in no way affect or impair rights already acquired by holders of bonds or other obligations of the Orleans Levee District already issued or incurred.”
Since there is no ambiguity in the language used in this amendment, we must abide by the intent and purposes expressed therein. The provision limiting the taxing power of the Levee Board “for the purpose of constructing and maintaining levees, levee drainage, and for all other purposes incidental thereto” merely limits the taxing power for that purpose and has no reference to outstanding obligations and bonds issued prior to the adoption of this amendment. This provision is prospective and relates to something to be done in the *586 future. No reference is made therein to past obligations. The last provision in the amendment, viz.: “Provided that this amendment shall in no way affect or impair rights already acquired by holders of bonds or other obligations of the Orleans Levee District already issued or incurred” is retrospective and relates to obligations incurred prior to the adoption of the amendment. It protects the rights already acquired by the bondholders. In other words, if the Levee Board is remiss in making provisions for the payment of the interest on the bonds and the retirement of matured bonds, the bondholders could enforce the taxing power of 5 mills if necessary to meet these obligations. The amendment has a twofold purpose, the construction of levees, etc. and the payment of the Levee Board’s outstanding obligations. It is the duty of the Levee Board to carry out these purposes. The interpretation we have placed on this amendment is consonant with the clear and unambiguous language used in the amendment and gives the amendment a constitutional effect rather than to annul it. It is well settled that a law should be construed so as to give it a constitutional effect if possible to do so.
It is suggested that the case of Board of Com’rs of Atchafalaya Basin Levee District v. C. Lagarde Co., 167 La. 612, 120 So. 25 and Board of Levee Commissioners of Orleans Levee District v. Whitney Trust & Savings Bank, 171 La. 28, 129 So. 658, are pertinent to a decision in this case. These cases are not applicable and- involve entirely different factual situations. Moreover no bondholder was a party to the Atchafalaya suit and the question in the Whitney Trust & Savings Bank case was whether any specific portion of the 5-mill tax could be dedicated to the exclusion of other uses of the taxing pow^r. Therefore any statements made in those cases could not be controlling.
The second question posed is whether or not the defendant Board abused its discretion in preparing its budget. The action of the Board is not subject to review unless there has been some palpable abuse. State ex rel. Moore v. City of New Orleans, 32 La.Ann. 726; Saloy v. City of New Orleans, 33 La.Ann. 79, 82; State ex rel. Marchand v. City of New Orleans, 37 La.Ann. 13, 18; State ex rel. Benedict v. City of New Orleans, 111 La. 374, 35 So. 605; State ex rel. Lorenz v. City Council of New Orleans, 116 La. 851, 41 So. 115; Gibson v. City of Baton Rouge, 161 La. 637, 109 So. 339, 47 A.L.R. 1151; Henderson v. City of Shreveport, 160 La. 360, 107 So. 139; Bullis v. Town of Jackson, La.App., 4 So.2d 550; J. H. Hines Co. v. Guillot, 153 La. 319, 95 So. 794; Parker v. Mayor and City Council of Monroe, 128 La. 951, 55 So. 587 (and numerous authorities cited therein) ; Dickson v. Board of Commissioners of Caddo Levee District, 210 La. 121, 26 So.2d 474; Board of Commissioners of Tensas Basin Levee District v. Franklin, 219 La. 859, 54 So.2d 125.
*588 The attack on the budget seems to be leveled principally at the work proposed by the board. We find no evidence in the record that would justify us in saying that the items listed in the budget are not correct or that the work proposed was not necessary. The chief engineer of the Levee Board testified that* the work proposed in the budget is necessary and there was no evidence offered to contradict him in this respect. We cannot substitute our judgment as to the feasibility of the work. Dickson v. Board of Commissioners of Caddo Levee District, supra and Board of Commissioners of Tensas Basin Levee District, supra.
For the reasons assigned, the judgment of the lower court is reversed and set aside and the suit is hereby dismissed. One-half of the costs to be paid by the plaintiff Dantoni and the other half to be paid by the intervenors Edgar B. Stern, Sr., Robert E. Craig II, Charles Keller, Jr., Gervais Favrot and Leon Heymann.