532 So.2d 952 (1988)
Karen Craig, Wife of/and Ray RODRIGUEZ
v.
SUNRISE HOMES, INC. and Coast Quality Construction Corporation.
No. 88-C-213.
Court of Appeal of Louisiana, Fifth Circuit.
October 12, 1988.
Michael R. Allweiss, Judith A. Kaufman, Lowe, Stein, Hoffman & Allweiss, New Orleans, for plaintiffs-respondents Karen Craig, wife of/and Ray Rodriguez.
David C. Loeb, William C. Harrison, Jr., Gauthier, Murphy, Sherman, Chehardy & Ellis, Philippi P. St. Pe, Sandra S. Salley, Regan & St. Pe, Metairie, for defendants-relators Sunrise Homes, Inc. and Coast Quality Const. Corp.
Before KLIEBERT, WICKER and GOTHARD, JJ.
KLIEBERT, Judge.
Sunrise Homes, Inc. and Coast Quality Construction Corporation, defendants, applied to this court for supervisory writs from a district court ruling dismissing its Exceptions of Prematurity and of No Right [Cause] of Action. The exceptions were directed toward plaintiffs', Karen and Ray Rodriguez', redhibitory action filed in September 1987. The plaintiffs' redhibitory action was brought under the provisions of *953 the Civil Code[1] and prayed for rescission of the sale or alternatively damages because of alleged defects in a house built and sold by defendants to plaintiffs on May 31, 1984. According to their petition, plaintiffs first noted sinkage, settlement and movement in the house foundation in October 1986 and immediately brought this to the attention of defendants. Defendants contend they made several offers in writing to repair the alleged defects, but plaintiffs refused access to the property.
The exceptions were grounded in defendants' contention plaintiffs' remedy was limited to that provided by Louisiana's New Home Warranty Act (hereafter NHWA)[2] which became effective August 30, 1986, rather than the redhibitory action. In this instance, the exceptions raised these major differences between the redhibitory action and the NHWA, to-wit: (1) the redhibitory action includes a right to rescind the sale; whereas, the NHWA does not, and (2) although both the NHWA and redhibitory action require the buyer to give a seller who is without knowledge of the defect an opportunity to repair the defects before asserting the claim for damages, where the seller is charged with knowledge of the defect, the redhibitory action has no such requirement but the NHWA does.
The district court judge, without assigning reasons, dismissed defendants' exceptions. Since the case appeared to present res nova legal issues and involved several cases then pending in the trial court, a panel of this court granted certiorari and ordered the case docketed in accordance with regular appellate procedure. For the reasons hereafter stated we affirm the judgment of the trial judge and remand the case for further proceedings.
The defendants contend the trial court erred in dismissing its exception of prematurity and its exception of no right [cause] of action because the NHWA applies and under its provisions plaintiffs have no right to a rescission of a sale and defendants must be given an opportunity to repair the defects before a claim for damages can be asserted. To support their position, defendants argue that the plaintiffs' cause of action did not arise, mature or come into existence until they discovered the alleged defects in October 1986, at which time the NHWA was in effect and by its own terms provided plaintiffs' exclusive remedy.[3] Moreover, defendants argue that even were we to conclude the plaintiffs' cause of action arose prior to August 30, 1986 (the date the NHWA became effective) the provisions of the NHWA would be applicable because the NHWA is procedural law as opposed to substantive law and hence should be given retroactive application to accomplish the stated purpose for which it was enacted. On the other hand, plaintiffs contend the trial court correctly dismissed the exceptions and argue that since the Codal provisions providing for the redhibitory action were part of the contract of sale, to interpret the NHWA so as to eliminate the plaintiffs' redhibitory action and/or to require the buyer to first give the seller an opportunity to correct the defect, would be to give the NHWA retroactive effect and, hence, render it unconstitutional as an impairment of a contract obligation and/or the taking of a vested right.
Although the legislature may have, by its title and use of language, i.e., New Home Warranty Act, intended (as urged by *954 plaintiffs) for the Act to apply prospectively only, in the absence of specific legislative pronouncement, we prefer to base our opinion on other grounds.
According to a long established principle of Louisiana law a substantive law cannot be given retroactive effect absent legislative declaration to the contrary. The principle has been embodied in our constitutional and statutory provisions.[4] Further, our supreme court has, in accordance with these statutory provisions,[5] consistently held that the general rule of prospective application applies only to substantive laws as distinguished from merely procedural or remedial laws which will be given retroactive effect in the absence of language showing a contrary intent. Lott v. Haley, 370 So.2d 521 (La.1979) and cases cited therein. Furthermore, this well established jurisprudential rule is subject to the exception that procedural and remedial laws are not accorded retroactive effect where such retroactivity would operate unconstitutionally to disturb vested rights or impair the obligation of contract. Orleans Parish School Board v. Pittman Construction Co., Inc., 261 La. 665, 260 So.2d 661 (1972), Lott v. Haley, supra. See also Article 1, Section 10 of U.S. Constitution and Article 1, Section 23 of the 1974 Louisiana Constitution.
The Pittman case, supra, involved a somewhat similar situation to the one here. On February 2, 1959, the School Board entered into a contract with Diboll-Kessels and Associates, Architects, to design a building. Subsequently, on August 24, 1959 the School Board contracted with Pittman, Contractor, to construct the building designed by the architects and accepted the building as completed on September 12, 1960. On September 1, 1968 the School Board discovered cracking and other structural failures which ultimately required demolition of the building. Suit was instituted on August 1, 1969 against the contractor, the architect, and others (not here material). They each filed exceptions based on LSA-R.S. 38:2189[6] which had been enacted in 1962. The resolution of the issue turned on whether Civil Code Article 2762,[7] which was in effect at the time the contract was executed, or LSA-R.S. 38:2189 applied. Our supreme court concluded Article 2762 established a substantive right in favor of the Board and formed part of the contract at the time of its execution. Consequently, the subsequent enactment of LSA-R.S. 38:2189 could not impair this right. In reaching this conclusion, the court at page 667 said:
"It cannot be successfully argued, therefore, that the ten-year period of warranty *955 or responsibility which Article 2762 imposes upon the contractor or architect is not substantive in character. Especially is this result foretold when we observe some authorities expressing the belief that this warranty may go so far as to give rise to a presumption of fault against the architect when the edifice has perished in whole or in part, thus relieving the proprietor of the burden of proof."
and then went on to quote from Dantoni v. Board of Levee Commissioners, 227 La. 575, 80 So.2d 81 (1955) as follows:
"Under the provisions of Section 10 of Article 1 of the Federal Constitution, no state can pass any law impairing the obligation of contracts. Under the provisions of Section 15 of Article 4 of our [1921] Constitution [now Section 23, Article 1 of the 1974 Constitution] no law can be passed impairing the obligation of contracts. It is a fundamental principle that laws existing at the time a contract is entered into are incorporated into and form a part of the contract as though expressly written therein. It is also well established that the value of a contract cannot be diminished by subsequent legislation. The impairment is not one of degree but any encroachment in any respect upon the obligation cannot be permitted. (D'antoni v. Board of Levee Commissioners, 227 La. 575, 80 So.2d 81 [1955])."
Considering this supreme court jurisprudence, in our view the NHWA provision brought into focus by the filing of the exceptions are substantive because they change the substantive provisions incorporated into the contract of sale, i.e., (1) the right to a rescission of the sale under a proper set of facts, and (2) the right to a rescission without first giving an opportunity to seller to repair the defects.
The defendants, however, urge an argument which, if valid, might require a different result from that reached by the supreme court in Pittman. Here, defendants contend the plaintiffs' cause of action did not arise, accrue, or come into existence until the plaintiffs discovered the defects; hence, there was no right to vest in plaintiffs or be impaired because the NHWA was enacted and in effect at the time plaintiffs' right to bring the action came into existence. Therefore, defendants argue the application of the NHWA to the situation involved here is a prospective application.
We note that in Pittman, the defects were not discovered until after the enactment of LSA-R.S. 38:2189. Moreover, defendants' argument has been previously urged to and rejected by the supreme court. In response to the similar contentions, in Lott v. Haley, supra, which involved a tort action for medical malpractice filed on March 21, 1977 and alleging discovery of the injury on April 1, 1976, the supreme court said:
"In the instant case, plaintiff's cause of action for damages vested on January 21, 1972, the date of Dr. Haley's alleged act of negligence giving rise to plaintiff's injuries. This was prior to enactment of La.R.S. 9:5628 which became effective September 12, 1975. Under the law in effect prior to that date, plaintiff's suit would have been timely filed. La.R.S. 9:5628 is a statute of limitation in that it prescribes fixed time periods for institution of medical malpractice suits."
Therefore, although the court had concluded prescription commenced to run only after the plaintiff became aware of the tort, it concluded the cause of action came into existence at the time the negligent act occurred. Similarly here, although the plaintiffs did not become aware of the existence of the cause of action until October 1986, the cause of action arose when the building was constructed with a latent defect, i.e., alleged to be an inadequate and improper foundation. Hence, we hold defendants' argument is without merit.
Accordingly, we affirm the ruling of the trial court and remand the case for further proceedings. Appellants are to pay all costs of the appeal.
AFFIRMED AND REMANDED.
NOTES
[1] Civil Code Articles 2520-2545 are the Redhibition Articles. Among these, Article 2520 defines redhibition as follows:

"Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice."
[2] LSA-R.S. 9:3141 through 3150, enacted by Act 676 of 1986.
[3] LSA-R.S. 9:3150, one of the sections of the NHWA, provides:

"This Chapter provides the exclusive remedies, warranties, and prescriptive periods as between builder and owner relative to home construction and no other provisions of law relative to warranties and redhibitory vices and defects shall apply. Nothing herein shall be construed as affecting or limiting any warranty of title to land or improvements."
[4] (a) Article 1, Section 23 of the Louisiana Constitution of 1974 provides:

"No bill of attainder, ex post facto law, or law impairing the obligation of contracts shall be enacted."
(b) Former Civil Code Article 8 provided:
"A law can prescribe only for the future; it can have no retrospective operation, nor can it impair the obligations of contract."
and the present Civil Code Article 6 which became effective on January 1, 1988, replacing Civil Code Article 8, provides as follows:
"In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretative laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary."
(c) R.S. 1, Section 2 provides:
"No section of the Revised Statutes is retroactive unless it is expressly so stated."
[5] Civil Code Article 1949 in effect at the time Shreveport Long Leaf Lumber Co. v. Wilson, 195 La. 814, 197 So. 566 (1940) was decided.
[6] LSA-R.S. 38:2189 enacted by Act 15 of 1962 provided as follows:

"Any action against the contractor on the contract or on the bond, or against the contractor or the surety or both on the bond furnished by the contractor, all in connection with the construction, alteration, or repair of any public works let by the state or any of its agencies, boards or subdivisions shall prescribe 5 years from the substantial completion, as defined in R.S. 38:2241.1, or acceptance of such work, whichever occurs first, or of notice of default of the contractor unless otherwise limited in this Chapter."
[7] Civil Code Article 2762 provides:

"If a building, which an architect or other workman has undertaken to make by the job, should fall to ruin either in whole or in part, on account of the badness of the workmanship, the architect or undertaker shall bear the loss if the building falls to ruin in the course of ten years, if it be a stone or brick building, and of five years if it be built in wood or with frames filled with bricks."