No. 6011.

## SOUTHERN BANK vs. LOUISIANA NATIONAL BANK ET AL.

This suit is instituted and a writ of sequestration taken against the Louisiana National Bank et al. by plaintiff as holder of a large number of interest coupons detached from certain bonds of the city of New Orleans, said plaintiff claiming to be the owner of certain funds deposited by the city in said bank to the credit of the holders of the bonds, and averring an apprehension that the defendant bank would part with or dispose of the same during the pendency of the suit.

The evidence shows that the Louisiana National Bank is not the fiscal agent of the city, and that the funds claimed and sought to be sequestered are deposited by the city to the credit of the interest funds, and to be checked on as such, to pay the

interest coupons, which fact does not, in the opinion of the court, vest the title to the said funds in the holders of the coupons, and hence said holders can not properly sequester the same as owners.

If there is good ground to fear that the city will divert the funds from the purpose for which they are collected and deposited, there is a remedy to prevent it, but it is not by sequestration.

The defendant bank being the depositary of the city, which is an individual depositor of said bank, the writ of sequestration can not properly issue against the bank on a claim against the city. In any view of the facts of this case and the relations between the city and the defendant bank, the writ of sequestration is not the remedy of the plaintiff, and the writ was correctly set aside by the court below.

APPEAL from the Superior District Court, parish of Orleans. *Hawkins, J. E. Bermudez*, for plaintiff and appellant. *B. F. Jonas*, City Attorney, for the city of New Orleans, defendant and appellee. *Finney & Miller*, for Louisiana National Bank, defendant and appellee.

HOWELL, J. The Southern Bank, as holder of a large number of interest coupons detached from certain bonds of the city of New Orleans, alleged that the funds resulting from the collection of taxes specially imposed to pay said interest had been deposited in the Louisiana National Bank to the credit of the holders or bearers of such coupons and caused a writ of sequestration to issue against the said funds, claiming to be the owner thereof, and averring an apprehension that the defendant bank would part with or dispose of the same during the pendency of this suit, which is instituted by the Southern Bank against the Louisiana National Bank, the directors thereof, and the city of New Orleans, to be declared the owner of the funds sequestered and to condemn the said parties to pay the amount of the coupons.

The defendant bank and the city of New Orleans moved to set aside the writ of sequestration on the grounds that the petition sets forth no cause for the issuance of the writ; that under act No. 5 of 1870 courts are prohibited from issuing a writ of sequestration or any other writ the object of which is to enforce the payment of money claimed to be due by the city of New Orleans; that the money which it is sought to sequester is a debt due from the Louisiana National Bank as a depositary to the city of New Orleans as depositor; that the same is not the property of plaintiff, and plaintiff is not entitled to the possession thereof, and that the said indebtedness can not be sequestered, even if a writ of sequestration can legally issue against the city; that the affidavit is not true and the bond is insufficient; that the writ of sequestration can legally issue only to enforce a writ of ownership or possession of or privilege on property, and no such right is disclosed in the petition, and that the defendant bank is not the fiscal agent of the city.

The sequestration was dissolved and the plaintiff appealed.

The evidence shows that the Louisiana National Bank is not the fiscal agent of the city, and that the funds in question are deposited by the

. city as depositor to the credit of the interest funds and to be checked on as such to pay the interest coupons, which does not in our opinion vest the title to the said funds in the holders of the coupons, and hence such holders can not properly sequester the same as owners. If there is good ground to fear that the city will divert the funds from the purpose for which they are collected and deposited, there is a remedy to prevent it, but it is not by sequestration.

The defendant bank being the depositary of the city, an individual depositor of said bank, the writ of sequestration can not properly issue against the bank on a claim against the city. In any view of the facts of this case and the relations between the city and the defendant bank, the writ of sequestration is not the remedy of the plaintiff, and the writ was correctly set aside.

Judgment affirmed.

Rehearing refused.