LAND, J.
Relator recovered judgment against the city of New Orleans in the year-1904 for damages ex delicto, and this judg- ■ ment was affirmed on appeal in May, 1905.. See Lorenz v. City of New Orleans, 114 La. 802, 38 South. 566.
In November, 1905, the relator instituted’ the present mandamus suit to compel the-city council to include, in the budget for the-year 1906, a sufficient sum to pay said judgment with, interest and costs.
When this suit was filed, the budget had been made out, but had not finally been< adopted.- ’
The respondents answered that the framing of municipal budget is not a ministerial-1 act, but is a matter of discretion vested in them by statute, and that this discretion had been exercised by them fairly, with a view to obtaining the best results, and has been characterized by no arbitrary or partisan spirit- or act, and that consequently their action is not reviewable hy the courts.
For further answer respondents aver that the taxing power of the city had been ex *854 hausted, and that they could find no source to secure the funds needed to pay relator’s judgment out of the anticipated revenues for the year 1906, and that all the items in the budget are proper and legal disbursements, either imposed by express constitutional or legislative enactment, or growing out of the imperative obligations incumbent on the municipality.
The evidence offered on the trial of the suit consisted of the proposed budget with the ordinance providing for its adoption, an ordinance imposing a tax on all the property in the city of New Orleans for the year 1906; and a certificate from the city comptroller showing that relator’s was the only unsatisfied judgment against the city of New Orleans.
There was judgment in favor of relator ordering respondents to include in the budget of 1906 a sufficient sum to pay relator’s judgment, or to provide for the payment of the same by special appropriation payable out of any surplus for the year 1906 or any previous year, now or hereafter remaining in the treasury of said city after payment of all moneys not actually otherwise appropriated.
From this judgment the defendants have appealed.
Relator’s right to a mandamus to compel the respondents to include in the budget for the year 1906 a sufficient sum to pay his judgment cannot be maintained, for judgments can be paid only after statutory, necessary, and usual charges, and what are necessary and usual charges is left to the discretion of the city authorities, free from the interference of -the courts, where that discretion has not been manifestly abused. State ex rel. Benedict v. City of New Orleans, 111 La. 374, 35 South. 605.
Act No. 5, p. 10, of the Extra Session of 1870 makes it the duty of the comptroller to warrant on the treasurer for the amount due on judgments, without any special appropriation of money therefor by the council; “provided, always, that there be sufficient money in the treasury to pay such judgments specially designated and set apart for that purpose in the annual budget or detailed statement of items of liability and expenditure required to be made” by the city charter..
It is therefore very clear that a judgment must not only be listed on the budget, but the necessary funds must be designated and set apart thereon for its payment, and the-money actually collected and deposited in the treasury, before it can he lawfully paid.
The alternative mandamus ordered by the-district judge would force the city council to make a special appropriation of contingent funds, which may never be collected, for the-payment of relator’s judgment. •
This mode of making appropriations is in our opinion opposed to both the letter and spirit of the city charter, which requires that an estimate of all items of liabilities and expenditures for the year shall be made and' published, and such a rate of taxation be fixed, as, together with other revenues of the-city, may be necessary to meet the estimated liabilities and expenditures. Section 93 of Act No. 45, p. 74, of 1896.
The council is required to keep well within its revenues 20 per cent, of which, together' with all sums, rights, interest, and credits-received from miscellaneous or contingent sources, are reserved for the purpose of public improvement. Sections 94, 95, Id.
The surplus of revenues for any particular-year may be applied to the payments of' amounts due and unpaid out of the revenues of former years. Section 2, Act No. 32, p. 39, of 1902.
But there is no warrant in the charter or under Act No. 5, p. 10, of the Extra Session of 1870, for the appropriation in advance of such surplus, if any there be, for the benefit of a particular creditor. Section 94 reads, in.. part, as follows:
*856 “The council is hereby prohibited from estimating for expenditures to be derived from any uncertain or indefinite source, cause or circumstance.”
As we read the law, the relator cannot be •paid unless his judgment is placed in the budget, and it cannot be budgeted unless there are sufficient funds available for its ■payment.
“We are not vested with power to frame a budget for the city of New Orleans,” as was •said by our' predecessors, and we may add that we have no power to supplement a budget by incorporating another item of expenditure and making a contingent appropriation for its payment.
Section 3 of the act of 1870 provides that:
“All judgments shall be paid in the order in which they shall be filed and registered in the office of the comptroller, from the first money next annually set apart for that purpose.”
It is further provided that, when the money thus appropriated has been exhausted, the council shall have power, if they deem it proper, to appropriate from the money set •apart for contingent expenses a sufficient sum to pay judgments.
Hence the duty imposed by the statute on the council is to provide in the annual budget money to pay judgments. If the council has exhausted its power of taxation, and the budget of expenditures as adopted will consume all of the estimated income of the city for the year 1906, there is no warrant in law for ordering the council to appropriate a •surplus not shown to exist or which may never exist, for the payment of relator’s judgment.
The lawmaker has left the distribution of the excess of revenue, above statutory, necessary, and usual charges, to the discretion of the council, which may apply the same to payments of amounts due and unpaid out •of the revenues of former years. Section 2, Act No. 32, p. 39, of 1902.
The act of 1870 recognizes the power of the council to appropriate money for contingent expenses, and leaves it discretionary with the council to appropriate such fund in whole or in part to the payments of judgments. The lawmaker has wisely left the disposition of surplus revenues to the discretion of the council to be appropriated as the exigencies of the situation may require.
To appropriate such surplus in advance to the payment of judgment would deprive the city of all possible means of meeting extraordinary emergencies, such* as epidemics, floods, and the like.
In conclusion, it may be remarked that this suit was instituted on the theory that the budget contained unnecessary items, among others, an item for $40,000 for charities to be distributed to private institutions. This contention has been abandoned in this court, and the argument has been confined to the right of the relator to be paid out of the surplus revenues of 1906 and of preceding1 years.
The right of relator to such relief may well be questioned, as ultra petitum. But we prefer to pass on the merits of the contention as presented.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and it is now ordered and decreed that this suit be dismissed at relator’s cost in both courts.