THOMPSON, J.
 

 The parish of Jefferson owns a number of lots and squares of ground located in the city of Gretna. Proceeding under the authority of Act 131 of 1904, the city of Gretna, under contract made after due advertisement, caused the sidewalks to be paved and curbing to be installed on the streets surrounding and abutting the said public property of the parish.
 

 The police jury of said parish declined or neglected to pay such improvement charges, and a number of suits were filed, seven in all, to compel payment of the claims. The suits were by agreement consolidated and tried together, and on June 18, 1925, a personal judgment was rendered against the parish for the-aggregate sum of $6,130.37, plus 10 per cent, attorney fees and interest.
 

 The judgment not having been satisfied, and no steps having been taken to indicate an in-, tention on the part of the police jury to provide for the payment of said judgment, the present mandamus'proceeding was instituted to compel the police jury to pay said judgment, or otherwise to make provision for doing so in the budget of 1926 and out of the anticipated revenues for the year 1926.
 

 Alleging that the judgment could not be executed by the seizure and sale of the property improved or of any other public property of the parish, the relator claims that it is without adequate remedy at law to enforce the payment of the judgment, save and except through and by means of the writ of mandamus.
 

 Following an excex>tion of no cause or right of action, the defendant answered that it had not refused to make payment of plaintiff’s judgment. That, under the law, respondent cannot pay any claims or judgment, unless and until it has made provision for all statutory, necessary, and usual charges of said parish.
 

 That the budget of expenses and anticipated revenues for the year 1926 had already been made and adopted by the police jury to meet the statutory, necessary, and usual charges and expenses, and that there is no excess revenue with which to pay any judgment or claim of relator.
 

 It is further alleged that the parish cannot impose a greater general tax than four mills on the dollar of assessed valuation, and that the revenue derived from said tax and from all other sources for the year 1926 will not be sufficient to pay the statutory, necessary, and usual charges and expenses of the parish as enumerated and set out in the budget.
 

 We are not presently concerned with the correctness of the original judgment rendered against the xxarish, except in so far as relates to the contention of the plaintiff that such judgment constitutes a statutory charge in favor of the city against the parish. The judgment is only in personam, and it is not now contended that the public property is burdened with a paving lien and privilege.
 

 The evidence is conclusive that for each of the years 1923, 1924, and 1925 the expenses of the parish exceeded the actual revenues real
 
 *409
 
 ized from all sources. The budget or estimate of the expenses for each of said years was well within the anticipated revenues, but all of such revenues were not collected, which necessarily .left a deficit at the end of the year. This is shown by the statements of the supervisor of public accounts found on pages
 
 27
 
 to 32, both inclusive, of the transcript.
 

 At the close of the year 1925, the parish owed the fiscal agent, for money borrowed, the sum of $94,000, for the payment of which the general revenues of the parish were pledged.
 

 There will not be a sufficient amount of the uncollected revenue of 1925 to take care of this indebtedness, and, if it is paid out of the revenues of 1926, there will only remain something over $40,000 to meet the estimated expenses of the year 1926.
 

 At the time this proceeding was filed the police jury had adopted its budget for 1926.
 

 The expenditures enumerated in this budget amount to $134,315, a sum equal to the anticipated revenues of the parish for 1926 from all sources.
 

 From this showing it is perfectly apparent that the parish will again find itself facing a large deficit at the end of the present year, unless, contrary to what occurred the previous three years, the expenses are materially reduced and the full amount of the anticipated revenues is realized.
 

 Act 32 of 1902 prohibits the police jury from making in any one year any appropriation of, approving any claim 'against, or making expenditure from, the annual revenue for that year, which ax>propriation, approved •claim, or expenditure shall separately, or together with other appropriations, approved claims, or expenditures, be in excess of the •estimated revenue of that year.
 

 Section 2 of the said act provides that the revenues of each year shall be dedicated as follows: First, all statutory charges shall be paid from the respective funds upon w.bich they are imposedsecond, all charges for services rendered annually under time contracts ; third, all necessary usual charges provided for by ordinance or resolution.
 

 It is further provided that any excess revenue above statutory, necessary, and usual charges may be applied to the payment of amounts due and unpaid out of the revenues of former years.
 

 It is very clear under this statute that it is the mandatory duty of the police jury to first provide in its budget for the statutory, necessary, and usual charges before it can budget or provide for the payment of any indebtednes of previous years. When these are provided for, then, if there is any amount left from the anticipated revenues, such surplus or excess may be applied to the payment of amounts due and unpaid out of the revenues of previous years.
 

 The application of the excess revenues, if there should be any, and what are necessary and usual charges, are matters that are entirely within the discretion of the police jury.
 

 As we have already observed, the budget of the statutory, necessary, and- usual charges for the year 1926 equals the anticipated revenues for that year, and there is no excess or surplus out of which the police jury can be compelled to pay or to budget for payment the plaintiff’s judgment; nor is there any surplus of the revenues of former years out of which payment could be ordered made.
 

 There is, therefore, no warrant, statutory or otherwise, for the budgeting or for the approximation for the payment of plaintiff’s judgment in advance of any surplus, if any there should be, out of the’ revenues of 1926.
 

 This view is in accord with that .expressed in State ex rel. Lorenz v. City Council of New Orleans, 116 La. 851, 41 So. 115, in which this court said:
 

 “Relator’s right to a mandamus to compel the respondents to include in the budget for the year 1906 a sufficient sum to pay his judgment cannot be maintained, for judgments can be
 
 *411
 
 paid only after statutory, necessary, and usual charges, and what are necessary and usual charges is left to the discretion of the city authorities [in this case the police jury], free from the interference of the courts, where that discretion has not been manifestly abused.”— citing State ex rel. Benedict v. City of New Orleans, 111 La. 374, 35 So. 605.
 

 Counsel argue that the judgment of the city of Gretna against the parish of Jefferson is a statutory charge, since the paving was authorized by a statute of the state (Act 131 of 1904), and that, if this is not true, then the language “statutory charge” is absolutely meaningless.
 

 Conceding that the demand of the city was such a charge within the meaning and -purpose of Act 32 of 1902, a concession entirely unwarranted, it would only be such against the revenues for the year in which the paving was done or the service performed. We are unable to conceive how or in what manner a claim arising in 1922 or 1923 and merged into a judgment in 1925 can be properly said to be a statutory charge against the revenues of 1926.
 

 The statutory, necessary, and usual charges referred to in the Act of 1902 mean current charges such as arise, or may arise, during the year for which the budget is made, and are to be paid out of the revenues of that year.
 

 This manifestly appears from the plain words of the statute wherein it is said that any excess of revenue may be applied to the payments of amounts due and unpaid out of the revenue of former years.
 

 If a judgment rendered in 1925, and unpaid out of the revenues of that year, can be said to be a statutory charge on the revenues of 1926, then the judgment would remain such a charge on the revenues of each succeeding year until paid, and would outrank all current statutory and other necessary and usual charges, and this would equally apply to all similar indebtedness remaining unpaid out of the revenue of former years.
 

 Counsel for plaintiff also cite State ex'rel. Board of Health v. Police Jury of Calcasieu Parish, 108 So. 104,
 
 [1]
 
 recently decided by this court, wherein the police jury was directed to amend its budget for the year 1926 so as to increase the amount allowed the health board.
 

 There is little or no analogy between that case and the instant one.
 

 In the cited case the statute involved (Act 79 of 1921 [Ex. Sess.]) expressly provides that the police jury shall provide ample means for the maintenance and operatiou of said boards of health, and for the promotion and conservation of the public health, and,- in ease the police jury shall refuse to budget for, appropriate, or pay for the same, the local health boards or the health officer is expressly empowered by mandamus to compel the police jury to perform its mandatory duty, and to make the budget, and to provide for the expenses of the health board.
 

 There is no law, statutory or otherwise, making it the mandatory or ministerial duty of the policy jury to provide in its budget for the payment of indebtedness of former years out of the revenues of the current, especially where the estimated expenses equal the anticipated revenues of the current year, and there is no surplus of revenues of former years.
 

 It is a familiar principle of law that a mandamus will only issue where the duty required to be performed is mandatory and not discretionary.
 

 Here the police jury has exhausted its power of taxation; the budget of expenses for 1926 will consume all of the estimated income for that year; and we can find no law that would authorize the court to compel the police jury to budget the plaintiff’s judgments against a possible surplus of the revenues of 1926, which does not now exist, and under the evidence very likely Will never exist.
 

 
 *413
 
 But counsel argue-that there are unnecessary charges placed in the budget, and many of these charges may be reduced so as to open the way for placing the plaintiff’s judgment on the budget.
 

 The ready answer to this is that the matter is entirely within the discretion of the police jury, and the court ds not vested with the power to frame a budget for the jury or to strike out any item contained therein and to substitute instead the plaintiff’s judgment or ■any other liability of the parish.
 

 The judgment rejecting plaintiff’s demand is correct, and the same is affirmed.
 

 [1]
 

 Ante, p. L