## STATE EX REL. THALHEIM v. CITY OF GRETNA

———

(April 4, 1932. Opinion and Decree.)

———

Andrew H. Thalheim, of Gretna, attorney for relator.

L. H. Gosserand, of Gretna, attorney for respondent.

WESTERFIELD, J. Relator alleges that in a proceeding filed in the Twenty-fourth Judicial District Court for the parish of Jefferson, entitled Andrew H. Thalheim v. City of Gretna, No. 8891 of the docket of that court, he obtained a writ of sequestration impounding certain funds in the hands of the city of Gretna, which was subsequently dissolved by the Honorable L. Robert Rivarde, the judge of that court, and a suspensive appeal denied him. He seeks in this proceeding to compel the allowance of the suspensive appeal.

The respondent judge justifies the refusal to permit an appeal upon the ground that the judgment dissolving the writ of sequestration is interlocutory in character and not such as to cause relator irreparable injury.

The allegations of relator's petition, in which the sequestration was asked for and obtained, are to the effect that he was employed by the city of Gretna by Ordinances Nos. 497 and 498, approved January 20, 1931, "to attend all legal matters in connection with improvements on a portion of Lafayette Avenue and a portion of Second Street, in the City of Gretna, under the provisions of Act No. 3 of 1929, approved April 16th, 1929, at a fee of 1½% of the total costs of said work, and provided that the payment of said fee was to be made in cash and was to be paid from an assessment levied against the abutting property owners"; that he had practically completed the work when he was replaced by other counsel; "that he had a lien and privilege on $100.28, as levied by Ordinance No. 541 on property abutting on Second Street, and a lien and privilege on $519.96, as levied by Ordinance No. 542 on property abutting on Lafayette Avenue, or a total of $620.24, and that he

fears that the City of Gretna, acting through the Mayor, and a majority of the Board of Aldermen, of the City of Gretna, will conceal, part with, or dispose of, to the prejudice of petitioner, the amount of said attorney's fees, which are in their possession, during the pendency of this suit."

Based upon this petition, a writ of sequestration was issued upon plaintiff's furnishing bond as required in the order granting the writ. The defendant, city of Gretna, filed a motion to dissolve upon the ground that plaintiff's petition disclosed no cause or right of action, and upon the further ground that the property named in the writ is not subject to sequestration under the law of Louisiana. Relator then sought a suspensive appeal and attached to his motion a bond for $1,000. The appeal was not allowed, the court appending the following notation on the bottom of the motion:

"Above motion and request refused on the ground that the judgment appealed from is interlocutory.
"March 8, 1932.
"[Signed] L. Robert Rivarde, Judge."

The respondent, in his answer to the rule nisi issued by this court, maintains that no irreparable injury was occasioned relator. He cites State ex rel. Capitol City Oil Mills Co. v. Monroe, 50 La. Ann. 273, 23 So. 839; State v. King, 46 La. Ann. 83, 14 So. 423, and other authorities. Further answering, respondent contends that if the irreparability claimed by relator be based upon the alleged fear that the impounded funds would be diverted to purposes other than those for which they were by law intended, sequestration is not the proper remedy; citing Southern Bank v. Louisiana National Bank et al., 28 La. Ann. 97.

There can be no question of the propriety of the action of the respondent

judge, unless the effect of the judgment complained of be irreparable, the judgment being interlocutory.

The issuance of a sequestration presupposes the necessity of preserving a right which is in danger of being lost, and an order which sets the writ aside may cause irreparable injury. Louisiana Digest, vol. 1, verbo "Appeal," sec. 135. In this case the allegation upon which the writ issued was to the effect that relator had a lien and privilege on certain funds in the possession of the city of Gretna, which, it was feared, would be disposed of to his prejudice. The question of whether, as a matter of fact, relator was mistaken in his belief that he had a lien on these funds, as well as the question concerning the propriety of the remedy he sought to exercise, is not pertinent to our present discussion, since those questions can only concern the merits of the controversy. We are only interested in a consideration of relator's right to a suspensive appeal.

It is argued that, since there is no allegation of insolvency on the part of the city of Gretna, and that since plaintiff's demands are compensable in money, no irreparable injury can result from the release of the sequestration. It seems to us that this argument fails to take account of the fact that relator claims to have a lien upon funds presently in possession of the city of Gretna which would afford him an additional security. Assuming that the effort to collect a judgment against a municipality involved no more difficulty than would be true in the case of any other defendant, which certainly does the case of respondent no injustice, it must be conceded that in dissolving the writ of sequestration plaintiff has been damaged by the release of a security which he alleges the law has provided him for the payment of his debt, and that this loss is irreparable. City of Gretna v. Parish of Jefferson et al., 161 La. 406, 108 So. 787.

It is therefore ordered that the alternative writs of mandamus and prohibition heretofore issued be made peremptory and that, accordingly, the Honorable L. Robert Rivarde, judge of the Twenty-fourth Judicial District Court for the parish of Jefferson, be ordered to grant to Andrew H. Thalheim, relator herein, a suspensive appeal in the matter of "Andrew H. Thalheim v. City of Gretna," No. 8891 of the docket of the Twenty-fourth Judicial District Court for the parish of Jefferson, conditioned upon his furnishing bond as the law directs.

JANVIER, J., absent, takes no part.