LOTTINGER, Judge.
The relators filed this proceeding seeking an alternative writ of mandamus directing the respondent, J. W. Jeansonne, State Bank Commissioner of the State of Louisiana to grant unto the relator, Schwegmann Bank and Trust Company, a certificate of authority to commence business as a bank. The Lower Court held in favor of the respondent, and dismissed the •complaint. The relators have taken a •devolutive appeal.
The petitioners herein are the Schweg-mann Bank and Trust Company and eleven individual stockholders therein. On or about November of 1959, the individuals concerned commenced correspondence with J. W. Jeansonne, Commissioner of the State Banking Department of the State of Louisiana, relative to the seeking of a permit to engage in the banking business in a certain location in Jefferson Parish, Louisiana. Several meetings were held by the Commissioner, or, his representatives, and the relators, during which the various procedures and requirements were discussed. On August 23, 1961 the application of relators was finally rejected by the State Bank Commissioner. The rela-tors then filed this suit, claiming that they have complied with all the requirements of law, and that the respondent’s action in refusing a certificate of authority was illegal, unreasonable, capricious and arbitrary, and asked that a writ of mandamus issue directing the Bank Commissioner to issue the certificate of authority. In answer to the petition, the Bank Commissioner denied that his action was arbitrary and capricious, and further set forth the various reasons why the certificate was denied. Among these reasons were the causes that the proposed capital structure was inadequate, that there was no economic need or necessity in the particular area for a new bank, that the earnings prospects submitted in the application were overstated, and that there were only fourteen subscribers to stock in the proposed bank of which one individual had subscribed to 62.63% of the authorized capital stock of the proposed bank. After trial of the matter the Lower Court held that the action on the part of the State Bank Commissioner was not arbitrary and capricious, and dismissed the action of the petitioners. The petitioners have taken this appeal.
The particular statute with which we are concerned in this suit is the LSA-Revised Statutes, Title 6:241. This act provides in part that before issuing a cer *161 tificate of authority to any hanking association or savings bank, the Commissioner shall examine the qualifications, responsibility, and standing of the persons organizing the association or bank. The said section further provides that if' the State Bank Commissioner finds that the public interest will not be subserved by permitting such persons to organize the association or bank, he shall refuse to issue the certificate.
The record reflects that correspondence as well as other procedures between the relators and the respondent were carried on for a period of some two years, or between November of 1959 until August of 1961 when the application was finally denied. During this period, several meetings were held between the Commissioner, and/or his representatives, during which various aspects of the application were discussed. A representative of the Federal Deposit Insurance Corporation was present at some of these meetings. During these meetings, the question of the capital structure of the proposed bank was discussed, as well as other matters, particularly the small number of subscribers to stock, the fact that one of the subscribers would have control of the bank, as well as the economic need for a banking business at the location submitted. On December 7, 1960, the Commissioner wrote the relators advising them that the application failed to meet the requirements of the banking department and the application was therefore denied. The relators then wrote the Commissioner requesting additional time to show a real need for the bank, in reply to which the Bank Commissioner granted respondents a period of six months from December 20, 1960 to present new and additional data to be considered by the department. During this six months period no additional data was submitted for consideration by the banking department, and on August 23, 1961 the application was finally denied.
A mandamus will issue only in cases where duties sought to be enforced are clear and unequivocal. It will only issue where the duty required to be performed is mandatory and not discretionary. City of Gretna v. Parish of Jefferson, 108 So. 787, 161 La. 406. The question is therefore, whether the duty imposed upon the State Bank Commissioner by the above cited statute was discretionary, and if it was, the burden is upon the petitioners to prove that the Bank Commissioner acted in an arbitrary and capricious manner.
The petitioners take the position that LSA-R.S. 6:241 provides that the Commissioner shall examine the qualifications, responsibility and standing of the persons organizing the bank, and upon approval of their qualifications and their meeting the other requirements of the law, that the Commissioner has no discretion to refuse to issue the permit. The respondent, on the other hand, does not agree with this construction of the act, and takes the position that the act allows the Commissioner the discretion of refusing to issue the permit if he finds that the public interest will not be subserved by permitting the applicants to organize the association or bank. The Lower Court adopted the reason as set forth by the respondent, and held that the act did give the Bank Commissioner discretion to refuse to issue the certificate upon his finding that the public interest would not be served by the organization of the bank.
Under the interpretation as set forth by petitioners, every existing Board of Directors of every bank in the State of Louisiana could start a new bank in any place it saw fit, so long as it could raise the required capital, as all members of these boards are approved as to their qualifications, responsibility, and standing by the Bank Commission. We feel that the Lower Court was correct in following the interpretation as set forth by the respondent, as, to hold otherwise, would place no practical limitation upon any parties desiring to organize a banking insti *162 tution. We feel that the act means that the Commissioner shall examine the qualifications, responsibility and standing of the persons organizing the association or bank, and, if he finds that the public interest will not be served by permitting such persons to organize the association or bank, he shall refuse to issue the certificate. Prior to the issuance thereof, it is within the sound discretion of the Bank Commissioner to determine that there is a public need for the particular bank which is sought to be organized. The Commissioner refused the certificate in this particular instance because he felt that the public interest would not be served by the issuance of same because there was no showing that there was an economic need and necessity in the particular area for a new bank and, furthermore because of the overstatement of the earning prospects of the proposed bank, the inadequacy of the capital structure thereof, and the fact that control of the said institution would be in one individual. We believe, therefore, that the Lower Court was correct in dismissing petitioners’ suit, as the petitioners had a period of six months within which to meet the requirements of the Bank Commissioner and failed to do so. We certainly, therefore, feel that petitioners have failed to show that the Bank Commissioner acted arbitrarily or capriciously in refusing to issue their permit.
Another error which is claimed by petitioners is the fact that a permit was issued to other individuals to open a banking institution in the Parish of Jefferson in spite of the pendency of the petitioners’ application, and the application of these particular individuals was submitted subsequent to that of the petitioners herein. There is nothing in the record to disclose, however, any arbitrary or capricious action on the part of the Bank Commissioner in issuing this other permit, as the location of that particular bank was some three to four miles distant from the location proposed by the petitioners herein.
The petitioners further contend in their brief that LSA-R.S. 6:241 is unconstitutional inasmuch as it delegates to an administrative officer the legislature’s law-making authority without setting up sufficient guide posts or standards from which the legislative will can be determined. They complain that the holding of the Lower Court was to the effect that the Commissioner can determine in his discretion if it is “in the public interest” to grant an application. We do not believe that such an interpretation of the statute is in violation of the Constitution. The act requires that the certificate will not be issued unless the organization of the bank is in the public interest. We feel that this is a restriction which is not an unconstitutional delegation of legislative policy. It does not grant the Bank Commissioner the right to refuse to issue the permit according to his whim or fancy. In Schwegmann Bros. Giant Supermarkets v. McCrory, 237 La. 768, 112 So.2d 606, the Supreme Court said:
“It is now well settled that the Legislature may make the operation or application of a statute contingent upon the existence of certain conditions, and may delegate to some executive or administrative board the power to determine the existence of such facts and to carry out the terms of the statute. So long as the regulation or action of the official or board authorized by statute does not in effect determine what the law shall be, or involve the exercise of primary and independent discretion, but only determines within prescribed limits some fact upon which the law by its own terms operates, such regulation is administrative and not legislative in its nature.”
For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal shall be paid by petitioners.
Judgment affirmed.