498 So.2d 275 (1986)
ACADIANA BANK
v.
The Honorable James A. HAYES, Commissioner of Financial Institutions, State of Louisiana.
No. CA 85 1104.
Court of Appeal of Louisiana, First Circuit.
November 12, 1986.
*276 Raymond L. Brown, Jr., Eunice and Kenneth W. Hawkins, Lafayette, for plaintiff-appellant Acadiana Bank.
H. Wayne Valentine, Baton Rouge, for defendant-appellee Honorable James A. Hayes, Com'r of Financial Institutions, State of La.
Before GROVER L. COVINGTON, C.J., and LANIER and ALFORD, JJ.
LANIER, Judge.
This is a suit for mandamus by a bank seeking to compel the Commissioner of Financial Institutions (Commissioner) to issue to it a certificate of authority to open a branch office. The Commissioner responded by filing declinatory, dilatory and peremptory exceptions raising the objections of lis pendens, unauthorized use of summary proceedings and res judicata, respectively. The trial court sustained the declinatory exception raising the objection of lis pendens and the dilatory exception raising the objection of unauthorized use of a summary proceeding and dismissed the petition.[1] This devolutive appeal followed.

FACTS
In the petition, the Acadiana Bank (Bank) alleges it is authorized to do business in St. Landry Parish, Louisiana; that on May 11, 1984, it made application to the Commissioner for a certificate to open a branch office in Opelousas; that it complied with all necessary legal requirements for opening a branch office; that it had "a statutorily granted right to establish a branch office"; that the Commissioner acted beyond his statutory authority and denied the certificate of authority; and that it was entitled to "an order compelling a state official to perform a ministerial duty required by law."
For purposes of the objection of lis pendens, the trial court took judicial notice of suit record number 284,521 and all documents contained therein. That record shows that on December 10, 1984, the Commissioner denied the Bank's application for a certificate for the branch bank, and on January 9, 1985, the Bank filed suit number 284,521 seeking a judicial review of the Commissioner's decision. In this suit, the Bank contends the Commissioner's decision denying the certificate is "arbitrary and capricious, characterized by an abuse of discretion and clearly unwarranted exercise of discretion." The instant suit, number 289,739, was filed on June 11, 1985.

*277 NO CAUSE OF ACTION FOR MANDAMUS
In oral reasons for judgment, the trial court held that a bank must obtain a certificate of authority from the Commissioner to open a branch office; the Commissioner has discretion in granting such a certificate, and the function of granting the certificate is not ministerial; since the Commissioner's duty is not ministerial, mandamus is not available; and, because mandamus is not available, the Bank was not authorized to use a mandamus summary proceeding. The trial court also sustained the declinatory exception raising the objection of lis pendens, apparently because of the pendency of the suit filed by the Bank on January 9, 1985, seeking a judicial review of the Commissioner's administrative denial of the branch bank certificate. La. R.S. 49:964. Cf. Hagood v. Pickering, 392 So.2d 130 (La.App. 1st Cir.1980), writ denied, 405 So.2d 532 (La.1981).
The Bank asserts five assignments of error to these rulings. In assignments of error numbers 1, 2 and 3, the Bank contends it has a statutory right to establish the branch bank, the Commissioner has no discretion to deny the certificate and his duty in issuing the certificate is ministerial. In assignments of error numbers 4 and 5, the Bank contends the trial court erroneously sustained the declinatory exception raising the objection of lis pendens because the objects of its two suits against the Commissioner are different; that is, the January 1985 suit contends the Commissioner abused his administrative discretion in denying the application for the branch bank certificate, whereas, the instant case contends the Bank is entitled to mandamus because the Commissioner's duty in granting a branch office certificate is ministerial rather than discretionary.
Initially, we note that the Commissioner's dilatory exception raising the objection of improper use of summary proceedings should more properly be considered as a peremptory exception raising the objection of no cause of action. A pleading is governed by its substance rather than its caption. Bryant v. Middlebrooks, 486 So.2d 188 (La.App. 1st Cir. 1986). Pleadings should be construed for what they really are, not for what they are erroneously designated. Union Service & Maintenance Co., Inc. v. Powell, 393 So.2d 94 (La.1980). The objection of no cause of action tests the legal sufficiency of the petition and should be sustained when the law affords no remedy to the plaintiff under the allegations of his petition. McGowan v. Ramey, 484 So.2d 785 (La.App. 1st Cir.1986). The essence of the Commissioner's objection is that the Bank has no cause of action for mandamus because, as a matter of law, the granting of a certificate for a branch bank office by him (the Commissioner) does not involve a ministerial duty.
In Felix v. St. Paul Fire and Marine Insurance Company, 477 So.2d 676, 681-682 (La.1985), appears the following:
La.Code Civ.P. art. 3861 defines `mandamus' as a writ directing a public officer or a corporation or an officer thereof to perform any of the duties set forth in arts. 3863 and 3864. A writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law. La.Code Civ.P. art. 3863. A writ of mandamus may be issued in all cases where the law provides no relief by ordinary means or where the delay involved in obtaining ordinary relief may cause injustice. La. Code Civ.P. art. 3862. It is well settled that mandamus will lie to compel performance of prescribed duties that are purely ministerial and in which no element of discretion is left to the public officer. There must be a clear and specific legal duty which ought to and can be performed. [Footnote omitted.]
A ministerial duty is one that is so clear and specific that no element of discretion can be exercised in its performance; if a duty requires the exercise of judgment and discretion by the public officer, it is not ministerial for purposes of a cause of action for mandamus. State ex rel. LeBlanc v. Democratic State Central Committee, 229 La. 556, 86 So.2d 192 (1956); Snyder v. *278 Alexandria City Council, 486 So.2d 1145 (La.App. 3rd Cir.1986); Big Train Construction Company, Inc. v. Parish of St. Tammany, 446 So.2d 889 (La.App. 1st Cir. 1984).
To determine the nature of the Commissioner's duty in acting on an application for a certificate for a branch bank, we must look to the applicable statutes.[2] La.R.S. 6:328 provides, in pertinent part, as follows:
Any savings, safe deposit, or trust and savings bank may have one or more offices of discount and deposit within the limits of the municipality or parish in which the bank is located. Further, before any such bank opens a branch office under the provisions of this Chapter it must first obtain a certificate of authority from the commissioner.
La.R.S. 6:237(B) provides, in pertinent part, as follows:
The commissioner of financial institutions shall have the power to enact and promulgate such regulations as he deems necessary in the best interest of banks chartered under the laws of the state of Louisiana consistent with regulations of the comptroller of the currency and the Federal Reserve Board, consistent with services offered by banks chartered under the laws of the United States and consistent with the provision of Subsection A that any powers given to banks shall be incidental to the exercise of the powers specifically enumerated in Section One.
La.R.S. 6:241 provides, in pertinent part, as follows:

No banking association shall commence business or open branch offices until it has procured from the commissioner a certificate of authority, which shall not be granted until the association has furnished to him satisfactory proof that it has complied with all requirements concerning the adoption and recordation of its charter and that one hundred percent of the subscribed capital has been paid up in lawful money.
....
Before issuing a certificate of authority to any banking association or savings bank, the commissioner shall examine the qualifications, responsibility, and standing of the persons organizing the association or bank. If he finds that the public interest will not be subserved by permitting such persons to organize the association or bank, he shall refuse to issue the certificate. [Emphasis added.]
It appears well settled that these statutes grant discretion to the Commissioner to decide whether a certificate should be given to organize (start) a bank. Delta Bank & Trust Company v. Lassiter, 383 So.2d 330 (La.1980); State ex rel. Schwegmann Bank and Trust Company v. Jeansonne, 144 So.2d 159 (La.App. 1st Cir. 1962). The Bank asserts there is a clear distinction between the procedure for granting a certificate for a new bank and that for granting a certificate for a branch office. The Bank contends La.R.S. 6:241 only authorizes the Commissioner to refuse to issue a certificate when he finds the public interest will not be served by permitting persons to organize a bank; there is no language in the pertinent statutes authorizing the Commissioner to deny a branch office application.
The following rules of statutory construction may be found in Bunch v. Town of St. Francisville, 446 So.2d 1357, 1360 (La.App. 1st Cir.1984), and are applicable in the instant case:
The lawmaker is presumed to have enacted each law with deliberation and with full knowledge of all existing laws on the same subject. The meaning and intent of a law is to be determined by a consideration of the law in its entirety and all *279 other laws on the same subject matter, and a construction should be placed on the provision in question which is consistent with the express terms of the law and with the obvious intent of the lawmaker in enacting it. Where it is possible to do so, it is the duty of the courts in the interpretation of laws to adopt a construction of the provision in question which harmonizes and reconciles it with other provisions. A construction of a law which creates an inconsistency should be avoided when a reasonable interpretation can be adopted which will not do violence to the plain words of the law and will carry out the intention of the lawmaker....
When the expressions of a law are `dubious', the most effectual way of discovering the true meaning of the law is to consider the reason and spirit of it, or the cause which induced the lawmaker to enact it.... When a law is susceptible to two or more interpretations, that which affords a reasonable and practical effect to the entire act is to be preferred over one which renders part thereof ridiculous or nugatory.
La.R.S. 6:241 provides that no banking association can open a branch office "until it has procured from the commissioner a certificate of authority." La.R.S. 6:328 has the same requirement. La.R.S. 6:241 then mandates the Commissioner to examine the qualifications, responsibility and standing of the persons who organized the bank before issuing the certificate of authority. If a bank could open any branch office as a matter of legal right, then the Commissioner's examination of the qualifications, responsibility and standing of the owners of the bank would be an exercise in futility, and, thus, this statutory requirement would be meaningless.
Although La.R.S. 6:241 does not explicitly grant authority to the Commissioner to refuse to issue a certificate for a branch office, we believe such authority is implicit when the pertinent statutes are construed together. In State ex rel. Schwegmann Bank and Trust Company v. Jeansonne, 144 So.2d at 161-162, appears the following:
The petitioners take the position that LSA-R.S. 6:241 provides that the Commissioner shall examine the qualifications, responsibility and standing of the persons organizing the bank, and upon approval of their qualifications and their meeting the other requirements of the law, that the Commissioner has no discretion to refuse to issue the permit. The respondent, on the other hand, does not agree with this construction of the act, and takes the position that the act allows the Commissioner the discretion of refusing to issue the permit if he finds that the public interest will not be subserved by permitting the applicants to organize the association or bank. The Lower Court adopted the reason as set forth by the respondent, and held that the act did give the Bank Commissioner discretion to refuse to issue the certificate upon his finding that the public interest would not be served by the organization of the bank.
Under the interpretation as set forth by petitioners, every existing Board of Directors of every bank in the State of Louisiana could start a new bank in any place it saw fit, so long as it could raise the required capital, as all members of these boards are approved as to their qualifications, responsibility, and standing by the Bank Commission. We feel that the Lower Court was correct in following the interpretation as set forth by the respondent, as, to hold otherwise, would place no practical limitation upon any parties desiring to organize a banking institution. We feel that the act means that the Commissioner shall examine the qualifications, responsibility and standing of the persons organizing the association or bank, and, if he finds that the public interest will not be served by permitting such persons to organize the association or bank, he shall refuse to *280 issue the certificate. Prior to the issuance thereof, it is within the sound discretion of the Bank Commissioner to determine that there is a public need for the particular bank which is sought to be organized.
Although it must be conceded that Jeansonne pertained to a new bank, and not to a branch office, the basic rationale about the intent of the law is the same. If any bank could open a branch office anytime and anywhere it chose, the regulatory authority of the Commissioner would be substantially diluted or rendered ineffective. Since the obvious intent and purpose of the statutes is to regulate banking in the public interest, and since the Bank's proposed interpretation does not comport with the reason for and spirit of such laws, we do not so construe the law. Rather, we hold that the Commissioner implicitly has discretion to grant or deny a certificate for a branch bank and that the Bank has no cause of action for a writ of mandamus.
Pursuant to La.C.C.P. art. 934, where an objection of no cause of action has been sustained, the court should allow an amendment of the pleadings to state a cause of action, if such can be done. In this case, the only way that the Bank can amend to state a cause of action is to assert in an ordinary proceeding that the Commissioner abused his discretion in denying the certificate. La.R.S. 49:964(G)(5). However, as previously indicated, the Bank presently has such a suit pending, and, thus, such an amendment would properly be subject to a declinatory exception raising the objection of lis pendens. Since the petition cannot be amended to state a viable cause of action, no amendment shall be authorized. Hubbs v. Canova, 427 So.2d 875 (La.App. 1st Cir.1982).

DECREE
For the foregoing reasons, this court construes the Commissioner's pleadings as asserting a peremptory exception raising the objection of no cause of action and affirms the dismissal of the Bank's petition. The Bank is cast for all costs.
AFFIRMED.
NOTES
[1] In oral reasons for judgment, the trial court overruled the peremptory exception raising the objection of res judicata, but the record does not contain a written judgment to that effect.
[2] Title 6 of the Louisiana Revised Statutes was amended and reenacted by Acts 1984, No. 719, § 1, effective January 1, 1985. Former sections 237(B), 241 and 328 referred to in this opinion are now covered in sections 121, 214 through 216 and 503, respectively. Since the certificate was denied on December 10, 1984, prior to the effective date of Act 719, we will apply the law then in existence.