GUIDRY, Judge.
On October 30,1987, Concordia Bank and Trust Company (hereafter Concordia) filed this suit against Clyde R. Webber, Jr., Clerk of Court and Ex-Officio Recorder of Concordia Parish (hereafter Clerk), and Three Rivers Supply, Inc. (hereafter Three Rivers), seeking issuance of an alternative writ of mandamus against defendants compelling a deletion from or revision of a mortgage certificate prepared by the Clerk insofar as said certificate recites a judgment dated October 15, 1982, in favor of Three Rivers against E & D Greene in the amount of $18,814.83 filed for record October 15, 1982 under docket number 157110. After a hearing on the merits, the trial *62 court rendered judgment ordering that the Clerk delete the aforementioned judgment from his previously prepared mortgage cer-. tificate and reissue a revised mortgage certificate without mention of said judgment. In addition, the trial court judgment decrees that a certain mortgage from Ruth Bordelon Greene, et al, in favor of Concor-dia Bank and Trust Company, filed for record under entry number 158509, records of Concordia Parish, primes the judgment in favor of Three Rivers against E & D Greene, referred to above. Defendant, Three Rivers, appealed. We reverse.[1]
FACTS
In its petition, Concordia alleges that it is a mortgage creditor of certain members of the Greene family, including Elzy Dwayne Greene, husband of Sonjia Duncan Greene, by virtue of a $25,000.00 mortgage duly recorded February 15, 1983, in the records of Concordia Parish, Louisiana. Plaintiff further alleges that in connection with the bankruptcy of Elzy Dwayne Greene and Sonjia Fay Greene, mortgage certificate number 6306, dated June 12, 1987, was issued by the Clerk. Item 4 of this certificate reads as follows:
“4 — A Judgment dated October 14, 1982, THREE RIVERS FARM SUPPLY, INC. VS E & D GREENE, in the sum of 18,814.83; same being filed for record October 15, 1982 under Doc. # 157110, MOB 141, Page 541, records of Concordia Parish, La. Suit #23057”
The mortgage certificate was requested from the Clerk in the names of Ruth Borde-lon Green, Ruth Bordelon Greene, Ruth B. Greene, Emmitt Greene, Elzy Dwayne Greene, Sonjia Duncan Greene, Sonjia D. Greene, Dwayne Greene, Janice Green McMillan, Maelene Greene Nichols, and Denise Greene Thompson only. (Emphasis in the original). The record does not reflect the individual or entity who ordered mortgage certificate number 6306. Con-cordia next alleges that after reviewing this mortgage certificate, it requested both the Clerk and the attorney of record for Three Rivers to delete from said certificate the judgment listed as Item 4 and to reissue a new mortgage certificate without mention of said judgment because the judgment was not against any of the persons in whose names said certificate was run. After this request was denied, Concordia filed this suit requesting issuance of an alternative writ of mandamus directing the Clerk to delete Item 4 from certificate number 6306 or to reissue another certificate without said judgment being listed.
On appeal, Three Rivers urges that the trial court erred when it ordered the Clerk to delete the Three Rivers’ judgment from mortgage certificate number 6306 and recognized that the mortgage of Concordia primed the Three Rivers’ judgment.
ANALYSIS
The pertinent duties and liability of a Recorder are set forth in the following Civil Code articles.
La. C.C. art. 3393 states:
“These officers shall record on their register the acts which are presented to them, in the order of their date, and without leaving any intervals or blank space between them; and they are bound also to deliver to all persons who may demand them, a certificate of the mortgages, privileges or donations, which they may have thus recorded; if there be none, their certificate shall declare that fact.”
La. C.C. art. 3394 states in pertinent part that:
“The register of mortgages and the parish recorders performing the same duty, are answerable for injury resulting:
* # * * * *
2. From omitting to mention in their certificates one or several acts existing on their registers, unless in this latter *63 case the error proceeds from a want of exactness in the description, which can not be imputed to them.
Each register of mortgages and/or parish recorder shall obtain and maintain in effect at all times liability insurance to cover any such errors and omissions which may occur in his office. Any amounts deductible from the coverage of such insurance shall be payable out of his clerk’s salary fund.”
Our brethren of the First Circuit in Acadiana Bank v. Hayes, 498 So.2d 275 (La.App. 1st Cir.1986), explicitly set forth the law regarding writs of mandamus and the definition of a ministerial duty, by stating at pages 277-278:
“In Felix v. St. Paul Fire and Marine Insurance Company, 477 So.2d 676, 681-682 (La.1985), appears the following:
La.Code Civ.P. art. 3861 defines ‘mandamus’ as a writ directing a public officer or a corporation or an officer thereof to perform any of the duties set forth in arts. 3863 and 3864. A writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law. La.Code Civ.P. art. 3863. A writ of mandamus may be issued in all cases where the law provides no relief by ordinary means or where the delay involved in obtaining ordinary relief may cause injustice. La. Code Civ.P. art. 3862. It is well settled that mandamus will lie to compel performance of prescribed duties that are purely ministerial and in which no element of discretion is left to the public officer. There must be a clear and specific legal duty which ought to and can be performed. [Footnote omitted.]
A ministerial duty is one that is so clear and specific that no element of discretion can be exercised in its performance; if a duty requires the exercise of judgment and discretion by the public officer, it is not ministerial for purposes of a cause of action for mandamus. State ex rel. LeBlanc v. Democratic State Central Committee, 229 La. 556, 86 So.2d 192 (1956); Snyder v. Alexandria City Council, 486 So.2d 1145 (La.App. 3rd Cir.1986); Big Train Construction Company, Inc. v. Parish of St. Tammany, 446 So.2d 889 (La.App. 1st Cir.1984).”
There is no question that La. C.C. art. 3393 imposes a clear and unequivocal ministerial duty on the Recorder to “deliver to all persons who may demand them, a certificate of mortgage, ... ”. However, in the instant case, Concordia is not seeking to enforce the Recorder’s obligation to furnish a mortgage certificate, rather it seeks by mandamus to direct the method of preparation and the substance of a mortgage certificate. Pursuant to the request for the mortgage certificate in the case sub judice, the Recorder simply included on his certificate an encumbrance against a party bearing the surname “Greene” with initials, i.e., “E & D”, similar to the first and middle names of some of the parties in whose names the certificate was run. Clearly, the decision to include encumbrances on a requested mortgage certificate is discretionary in nature and requires the exercise of judgment by the Recorder. As stated in Acadiana Bank, supra, “if a duty requires the exercise of judgment and discretion by the public officer, it is not ministerial for purposes of a cause of action for mandamus”.
If after demand, the Recorder prepares a mortgage certificate and said certificate is erroneous due to the omission of an existing encumbrance, the party injured has a remedy under La. C.C. art. 3394.[2]
In plaintiff’s petition, the only relief sought is that previously mentioned. We conclude, for the reasons set forth, that plaintiff’s petition fails to state a cause of action for mandamus. La. C.C.P. art. 927. Accordingly, we will reverse the judgment of the trial court and order plaintiff’s suit *64 dismissed with prejudice.[3]
For the foregoing reasons, the judgment of the trial court is reversed and set aside and this suit is ordered dismissed with prejudice and at the cost of Concordia Bank & Trust Company, both at the trial level and on appeal.
REVERSED AND RENDERED.

. Defendant, Clyde R. Webber, Jr., the Clerk of Court of Concordia Parish, did not appeal the judgment of the trial court as his only real interest in the proceedings was the lawful discharge of the duties of his office. Nonetheless, we conclude that the appeal by Three Rivers, the real party at interest, suffices to preserve for appeal the issue as to correctness of the trial court’s judgment.

. We observe that La. C.C. art. 3394 provides that the register of mortgages and parish recorders are answerable for injuries resulting from omissions on a mortgage certificate, making no mention of injuries which might result from the erroneous inclusion of an encumbrance on a mortgage certificate. Chester Hoover Construction Company v. Thornburg, 311 So.2d 542 (La.App. 3rd Cir.1975).

. Since the petition of Concordia states no cause of action, the trial court clearly erred when it granted relief to which Concordia was not entitled and decreed that the mortgage from Ruth Bordelon Greene, et als, in favor of Concordia Bank & Trust Company primes the judgment rendered in Suit No. 23057-B, styled "Three Rivers Farm Supply, Inc. v. E & D Greene. That issue was not before the trial court nor is it before this court on appeal.